No. 24-60395

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

REPUBLICAN NATIONAL COMMITTEE, MISSISSIPPI REPUBLICAN PARTY, JAMES PERRY, MATTHEW LAMB,

*Plaintiffs-Appellants,*

v.

JUSTIN WETZEL, in his official capacity as the clerk and registrar of the Circuit Court of Harrison County; TONI JO DIAZ, in their official capacities as members of the Harrison County Election Commission; BECKY PAYNE, in their official capacities as members of the Harrison County Election Commission; BARBARA KIMBALL, in their official capacities as members of the Harrison County Election Commission; CHRISTENE BRICE, in their official capacities as members of the Harrison County Election Commission; CAROLYN HANDLER, in their official capacities as members of the Harrison County Election Commission; MICHAEL WATSON, in his official capacity as the Secretary of State of Mississippi,

*Defendants-Appellees,*

VET VOICE FOUNDATION, MISSISSIPPI ALLIANCE FOR RETIRED AMERICANS,

*Intervenor Defendants-Appellees.*

LIBERTARIAN PARTY OF MISSISSIPPI,

*Plaintiff-Appellant,*

v.

JUSTIN WETZEL, in his official capacity as the clerk and registrar of the Circuit Court of Harrison County; TONI JO DIAZ in their official capacities as members of the Harrison County Election Commission; BECKY PAYNE, in their official capacities as members of the Harrison County Election Commission; BARBARA KIMBALL, in their official capacities as members of the Harrison County Election Commission; CRISTENE BRICE, in their official capacities as members of the Harrison County Election Commission; CAROLYN HANDLER, in their official capacities as members of the Harrison County Election Commission; MICHAEL WATSON, in his official capacity as the Secretary of State of Mississippi,

*Defendants-Appellees.*

On Appeal from the United States District Court
for the Southern District of Mississippi
Nos. 1:24-cv-25, 1:24-cv-37 (Guirola, J.)

## RECORD EXCERPTS OF APPELLANTS
## REPUBLICAN NATIONAL COMMITTEE,
## MISSISSIPPI REPUBLICAN PARTY, JAMES PERRY,
## AND MATTHEW LAMB

Spencer M. Ritchie
Forman Watkins & Krutz LLP
210 East Capitol Street, Ste. 2200
Jackson, MS 39201
(601) 960-3172
spencer.ritchie@formanwatkins.com

Thomas R. McCarthy
Gilbert C. Dickey
Conor D. Woodfin
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Ste. 700
Arlington, VA 22209
(703) 243-9423
tom@consovoymccarthy.com
gilbert@consovoymccarthy.com
conor@consovoymccarthy.com

Dated: August 16, 2024

*Counsel for Appellants Republican National Committee,*
*Mississippi Republican Party, James Perry, and Matthew Lamb*

**TABLE OF CONTENTS**

District Court Docket Sheet in Case No. 1:24-cv-25
   (ROA.1-22) ............................................................................................Tab 1

Republican Plaintiffs' Notice of Appeal filed on August 2, 2024
   (Doc. 107, ROA.1188-89)...................................................................Tab 2

Final Judgment of July 29, 2024
   (Doc. 105, ROA.1184-85)...................................................................Tab 3

Order on Summary Judgment Motions of July 28, 2024
   (Doc. 104, ROA.1160-83)...................................................................Tab 4

Certificate of Service .........................................................................................Tab 5

# Tab 1

CLOSED,APPEAL,LEAD,RPM

# U.S. District Court
# Southern District of Mississippi (Southern)
# CIVIL DOCKET FOR CASE #: 1:24-cv-00025-LG-RPM
# Internal Use Only

| | |
|---|---|
| Republican National Committee et al v. Wetzel et al | Date Filed: 01/26/2024 |
| Assigned to: District Judge Louis Guirola, Jr | Date Terminated: 07/29/2024 |
| Referred to: Magistrate Judge Robert P. Myers, Jr | Jury Demand: None |
| Case in other court:  USCA Fifth Circuit, 24-60395 | Nature of Suit: 441 Civil Rights: Voting |
| Cause: 42:1983 Civil Rights Act | Jurisdiction: Federal Question |

**Plaintiff**

**Republican National Committee**          represented by   **Spencer Mark Ritchie**
                                                            FORMAN WATKINS & KRUTZ, LLP -
                                                            Jackson
                                                            P.O. Box 22608
                                                            210 E. Capitol St., Suite 2200 (39201-2375)
                                                            Jackson, MS 39225-2608
                                                            601/960-3172
                                                            Fax: 601/960-8613
                                                            Email: spencer.ritchie@formanwatkins.com
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Conor D. Woodfin - PHV**
                                                            CONSOVOY MCCARTHY, PLLC
                                                            1600 Wilson Blvd.
                                                            Suite 700
                                                            Arlington, VA 22209
                                                            703-243-9423
                                                            Email: conor@consovoymccarthy.com
                                                            *PRO HAC VICE*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Thomas R. McCarthy - PHV**
                                                            CONSOVOY MCCARTHY, PLLC
                                                            1600 Wilson Blvd.
                                                            Suite 700
                                                            Arlington, VA 22209
                                                            703-243-9423
                                                            Email: tom@consovoymccarthy.com
                                                            *PRO HAC VICE*
                                                            *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Mississippi Republican Party**          represented by   **Spencer Mark Ritchie**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Conor D. Woodfin - PHV**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Thomas R. McCarthy - PHV**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**James Perry**                          represented by   **Spencer Mark Ritchie**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Conor D. Woodfin - PHV**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Thomas R. McCarthy - PHV**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Matthew Lamb**                         represented by   **Spencer Mark Ritchie**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Conor D. Woodfin - PHV**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Thomas R. McCarthy - PHV**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

V.

**Consol Plaintiff**

**Libertarian Party of Mississippi**     represented by   **T. Russell Nobile**
Judicial Watch, Inc.
P. O. Box 6592
Gulfport, MS 39506

202-527-9866
Fax: 202-646-5199
Email: rnobile@judicialwatch.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Justin Wetzel**                                   represented by   **Tim C. Holleman**
*in his official capacity as the clerk and*                          BOYCE HOLLEMAN AND ASSOCIATES,
*registrar of the Circuit Court of Harrison*                         P.A.
*County*                                                             1720 23rd Avenue
                                                                     Gulfport, MS 39501
                                                                     228/863-3142
                                                                     Fax: 228/863-9829
                                                                     Email: tim@boyceholleman.com
                                                                     *ATTORNEY TO BE NOTICED*

**Defendant**

**Toni Jo Diaz**                                    represented by   **Tim C. Holleman**
*in their official capacities as members of*                         (See above for address)
*the Harrison County Election Commission*                            *ATTORNEY TO BE NOTICED*

**Defendant**

**Becky Payne**                                     represented by   **Tim C. Holleman**
*in their official capacities as members of*                         (See above for address)
*the Harrison County Election Commission*                            *ATTORNEY TO BE NOTICED*

**Defendant**

**Barbara Kimball**                                 represented by   **Tim C. Holleman**
*in their official capacities as members of*                         (See above for address)
*the Harrison County Election Commission*                            *ATTORNEY TO BE NOTICED*

**Defendant**

**Christene Brice**                                 represented by   **Tim C. Holleman**
*in their official capacities as members of*                         (See above for address)
*the Harrison County Election Commission*                            *ATTORNEY TO BE NOTICED*

**Defendant**

**Carolyn Handler**                                 represented by   **Tim C. Holleman**
*in their official capacities as members of*                         (See above for address)
*the Harrison County Election Commission*                            *ATTORNEY TO BE NOTICED*

**Defendant**

**Michael Watson**                                  represented by   **Rex M. Shannon, III-State Gov**
*in his official capacity as the Secretary of*                        MISSISSIPPI ATTORNEY GENERAL'S
*State of Mississippi*                                                OFFICE
                                                                     550 High Street

P. O. Box 220 (39205)
Jackson, MS 39201
601-359-3680
Fax: 601-359-2003
Email: rex.shannon@ago.ms.gov
*ATTORNEY TO BE NOTICED*

**Wilson D. Minor-State Gov**
MISSISSIPPI ATTORNEY GENERAL'S
OFFICE - Jackson
P. O. Box 220
550 High Street (39201)
Jackson, MS 39205-0220
601/359-6279
Fax: 601/359-2003
Email: wilson.minor@ago.ms.gov
*ATTORNEY TO BE NOTICED*

V.

**Intervenor Defendant**

**Vet Voice Foundation**        represented by    **Christopher D. Dodge - PHV**
ELIAS LAW GROUP, LLP
250 Massachusetts Ave NW
Suite 400
Washington, DC 20001
202-987-4928
Email: cdodge@elias.law
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Elisabeth C. Frost - PHV**
ELIAS LAW GROUP, LLP
250 Massachusetts Ave NW
Suite 400
Washington, DC 20001
202-968-4513
Email: efrost@elias.law
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael Brandon Jones - PHV**
ELIAS LAW GROUP, LLP
250 Massachusetts Ave NW
Suite 400
Washington, DC 20001
202-985-1752
Fax: 202-968-4498
Email: mbj@michaelbrandonjones.com
*TERMINATED: 05/06/2024*
*PRO HAC VICE*

**Paloma Wu**
MISSISSIPPI CENTER FOR JUSTICE
210 E. Capitol Street
Suite 1800
Jackson, MS 39201
601-352-2269
Fax: 601-352-4769
Email: pwu@mscenterforjustice.org
*ATTORNEY TO BE NOTICED*

**Richard Alexander Medina - PHV**
ELIAS LAW GROUP, LLP
250 Massachusetts Ave NW
Suite 400
Washington, DC 20001
202-987-5010
Email: rmedina@elias.law
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Robert B. McDuff**
THE LAW OFFICE OF ROBERT MCDUFF
767 North Congress Street
Jackson, MS 39202
601/969-0802
Fax: 601/969-0804
Email: RBM@McDuffLaw.com
*ATTORNEY TO BE NOTICED*

**Tina Meng Morrison - PHV**
ELIAS LAW GROUP, LLP
250 Massachusetts Ave NW
Suite 400
Washington, DC 20001
202-968-4592
Email: tmengmorrison@elias.law
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Intervenor Defendant**

**Mississippi Alliance for Retired Americans**                    represented by    **Christopher D. Dodge - PHV**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Elisabeth C. Frost - PHV**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael Brandon Jones - PHV**
(See above for address)
*TERMINATED: 05/06/2024*

24-60395.5

*PRO HAC VICE*

**Paloma Wu**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Richard Alexander Medina - PHV**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Robert B. McDuff**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Tina Meng Morrison - PHV**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Movant**

**Disability Rights Mississippi**                    represented by    **Angela M. Liu - PHV**
DECHERT, LLP - Chicago
35 W. Wacker Drive
Suite 3400
Chicago, IL 60601
312-646-5816
Email: angela.liu@dechert.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Christopher J. R. Merken - PHV**
DECHERT, LLP - Philadelphia
Cira Centre
2929 Arch Street
Philadelphia, PA 19104
215-994-2380
Fax: 215-994-2222
Email: christopher.merken@dechert.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Davin M. Rosborough - PHV**
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION, INC. - New York
125 Broad Street
18th Floor
New York, NY 10004
212-549-2613
Email: drosborough@aclu.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Greta K Martin**
DISABILITY RIGHTS MISSISSIPPI
5 Old River Place, Suite 101
Jackson, MS 39202
601-968-0600
Fax: 601-968-0665
Email: gmartin@drms.ms
*ATTORNEY TO BE NOTICED*

**Jacob Matthew van Leer - PHV**
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION -Washington, DC
915 15th Street, NW, 6th Floor
Washington, DC 20005
603-277-0314
Email: jvanleer@aclu.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Joshua F. Tom**
ACLU OF MISSISSIPPI - Jackson
P. O. Box 2242
101 S. Congress Street (39201)
Jackson, MS 39225-2242
601/354-3408
Fax: 601/355-6465
Email: jtom@aclu-ms.org
*ATTORNEY TO BE NOTICED*

**Julia Markham-Cameron - PHV**
DECHERT, LLP - New York
1095 6th Ave
New York, NY 10036
917-388-8304
Email: julia.markham-cameron@dechert.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Neil Steiner - PHV**
DECHERT, LLP - New York
1095 Avenue of The Americas
27th Floor Mailroom
New York, NY 10036
212-698-3671
Email: neil.steiner@dechert.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Sophia Lin Lakin - PHV**
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION, INC. - New York
125 Broad Street
18th Floor

New York, NY 10004
212-519-7836
Email: slakin@aclu.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Movant**

**League of Women Voters of Mississippi**         represented by   **Angela M. Liu - PHV**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Christopher J. R. Merken - PHV**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Davin M. Rosborough - PHV**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jacob Matthew van Leer - PHV**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Joshua F. Tom**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Julia Markham-Cameron - PHV**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Neil Steiner - PHV**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Sophia Lin Lakin - PHV**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Movant**

**Democratic National Committee**         represented by   **David W. Baria**
COSMICH, SIMMONS & BROWN, PLLC -
Jackson
P. O. Box 22626
One Eastover Center

100 Vision Drive, Suite 200 (39211)
Jackson, MS 39225-2626
601-863-2100
Fax: 601-863-0078
Email: david.baria@cs-law.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Amicus**

**United States of America**
*United States of America*

Email All Attorneys

| Date Filed | # | Docket Text |
|---|---|---|
| 01/26/2024 | 1 (p.23) | COMPLAINT against Christene Brice, Toni Jo Diaz, Carolyn Handler, Barbara Kimball, Becky Payne, Michael Watson, Justin Wetzel (Filing fee $ 405; receipt number 5321685), filed by Mississippi Republican Party, Matthew Lamb, Republican National Committee, James Perry. (Attachments: # 1 (p.23) Civil Cover Sheet)(JCH) (Entered: 01/26/2024) |
| 01/26/2024 | | (Court only) ***Set NO-CMC and Magistrate-RPM Flags (JCH) (Entered: 01/26/2024) |
| 01/26/2024 | 2 (p.38) | Summons Issued as to Christene Brice, Toni Jo Diaz, Carolyn Handler, Barbara Kimball, Becky Payne, Michael Watson, Justin Wetzel. (JCH) (Entered: 01/26/2024) |
| 01/26/2024 | | Issued summons mailed to attorney to address listed on docket. (JCH) (Entered: 01/26/2024) |
| 02/05/2024 | 3 (p.45) | NOTICE *of Reissuance* by Matthew Lamb, Mississippi Republican Party, James Perry, Republican National Committee (Ritchie, Spencer) (Entered: 02/05/2024) |
| 02/05/2024 | 4 (p.47) | Summons Reissued as to Christene Brice, Toni Jo Diaz, Carolyn Handler, Barbara Kimball, Becky Payne, Michael Watson, Justin Wetzel. (JCH) (Entered: 02/05/2024) |
| 02/05/2024 | | Re-Issued summons returned to attorney via email. (JCH) (Entered: 02/05/2024) |
| 02/05/2024 | 5 (p.54) | SUMMONS Returned Executed by Mississippi Republican Party, Matthew Lamb, Republican National Committee, James Perry. Michael Watson served on 2/5/2024, answer due 2/26/2024. (Ritchie, Spencer) (Entered: 02/05/2024) |
| 02/09/2024 | 6 (p.57) | MOTION to Intervene by Vet Voice Foundation, Mississippi Alliance for Retired Americans (Attachments: # 1 (p.23) Exhibit 1 - Declaration of Janessa Goldbeck, # 2 (p.38) Exhibit 2 - Declaration of James Sims, # 3 (p.45) Proposed Motion to Dismiss, # 4 (p.47) Proposed Memorandum Brief in Support of Motion to Dismiss)(McDuff, Robert) (Entered: 02/09/2024) |
| 02/09/2024 | 7 (p.100) | MEMORANDUM in Support re 6 (p.57) MOTION to Intervene filed by Mississippi Alliance for Retired Americans, Vet Voice Foundation (McDuff, Robert) (Entered: 02/09/2024) |

| 02/12/2024 | 8 (p.123) | SUMMONS Returned Executed by Mississippi Republican Party, Matthew Lamb, Republican National Committee, James Perry. Justin Wetzel served on 2/8/2024, answer due 2/29/2024. (Ritchie, Spencer) (Entered: 02/12/2024) |
|---|---|---|
| 02/12/2024 | | DOCKET ANNOTATION as to #6. L.U.Civ.R. 7(b)(2) requires that all supporting exhibits to a document be denominated by an exhibit letter or number and a meaningful description. Attorney is advised to follow this rule in future filings by including the exhibit number on each exhibit. (wld) (Entered: 02/12/2024) |
| 02/12/2024 | 9 (p.125) | MOTION for Thomas R. McCarthy to Appear Pro Hac Vice (Paid $100 PHV fee; receipt number AMSSDC-5334228) by Matthew Lamb, Mississippi Republican Party, James Perry, Republican National Committee (Ritchie, Spencer) (Entered: 02/12/2024) |
| 02/12/2024 | 10 (p.132) | MOTION for Conor D. Woodfin to Appear Pro Hac Vice (Paid $100 PHV fee; receipt number AMSSDC-5334236) by Matthew Lamb, Mississippi Republican Party, James Perry, Republican National Committee (Ritchie, Spencer) (Entered: 02/12/2024) |
| 02/13/2024 | 11 (p.139) | MOTION for Elisabeth C. Frost to Appear Pro Hac Vice (Paid $100 PHV fee; receipt number AMSSDC-5335000) by Mississippi Alliance for Retired Americans, Vet Voice Foundation (McDuff, Robert) (Entered: 02/13/2024) |
| 02/13/2024 | 12 (p.147) | MOTION for Christopher D. Dodge to Appear Pro Hac Vice (Paid $100 PHV fee; receipt number AMSSDC-5335026) by Mississippi Alliance for Retired Americans, Vet Voice Foundation (McDuff, Robert) (Entered: 02/13/2024) |
| 02/13/2024 | 13 (p.154) | MOTION for Michael B. Jones to Appear Pro Hac Vice (Paid $100 PHV fee; receipt number AMSSDC-5335034) by Mississippi Alliance for Retired Americans, Vet Voice Foundation (McDuff, Robert) (Entered: 02/13/2024) |
| 02/13/2024 | 14 (p.161) | MOTION for Richard A. Medina to Appear Pro Hac Vice (Paid $100 PHV fee; receipt number AMSSDC-5335040) by Mississippi Alliance for Retired Americans, Vet Voice Foundation (McDuff, Robert) (Entered: 02/13/2024) |
| 02/13/2024 | 15 (p.168) | MOTION for Tina Meng Morrison to Appear Pro Hac Vice (Paid $100 PHV fee; receipt number AMSSDC-5335044) by Mississippi Alliance for Retired Americans, Vet Voice Foundation (McDuff, Robert) (Entered: 02/13/2024) |
| 02/14/2024 | | DOCKET ANNOTATION as to #9,10,11,12,13, 14 and 15. Motion and certificates are filed as one main document. Exhibits/attachments should be scanned separately and docketed as properly identified attachments to the main document within the same docket entry. Attorney is directed to follow this procedure in future filings. L.U.Civ.R. 7.(b)(2). (wld) (Entered: 02/14/2024) |
| 02/16/2024 | 16 (p.175) | NOTICE of Appearance by Paloma Wu on behalf of Mississippi Alliance for Retired Americans, Vet Voice Foundation (Wu, Paloma) (Entered: 02/16/2024) |
| 02/16/2024 | 17 (p.177) | Unopposed MOTION to Exempt Defendant from Filing Answer to Plaintiffs' Complaint to Accommodate Parties' Anticipated Filing of Early Cross-Motions for Summary Judgment by Michael Watson (Shannon, III-State Gov, Rex) (Entered: 02/16/2024) |
| 02/20/2024 | | DOCKET ANNOTATION as to #16. This document is incorrectly styled for the "Northern" division. The correct division is "Southern". Counsel does not need to refile. (wld) (Entered: 02/20/2024) |

| | | |
|---|---|---|
| 02/21/2024 | 18 (p.181) | MOTION to Intervene by Disability Rights Mississippi, League of Women Voters of Mississippi (Attachments: # 1 (p.23) Exhibit A - Tribble Declaration, # 2 (p.38) Exhibit B - Ciraldo Declaration, # 3 (p.45) Exhibit C - Proposed Motion to Dismiss, # 4 (p.47) Exhibit D - Memorandum ISO Proposed Motion to Dismiss)(Tom, Joshua) (Entered: 02/21/2024) |
| 02/21/2024 | 19 (p.234) | MEMORANDUM in Support re 18 (p.181) MOTION to Intervene filed by Disability Rights Mississippi, League of Women Voters of Mississippi (Tom, Joshua) (Entered: 02/21/2024) |
| 02/22/2024 | 20 (p.256) | NOTICE of Appearance by Greta K Martin on behalf of Disability Rights Mississippi (Martin, Greta) (Entered: 02/22/2024) |
| 02/22/2024 | 21 (p.258) | MOTION for Sophia Lin Lakin to Appear Pro Hac Vice (Paid $100 PHV fee; receipt number AMSSDC-5341164) by Disability Rights Mississippi, League of Women Voters of Mississippi (Attachments: # 1 (p.23) Exhibit A - Certificate of Good Standing)(Tom, Joshua) (Entered: 02/22/2024) |
| 02/22/2024 | 22 (p.265) | MOTION for Jacob van Leer to Appear Pro Hac Vice (Paid $100 PHV fee; receipt number AMSSDC-5341203) by Disability Rights Mississippi, League of Women Voters of Mississippi (Attachments: # 1 (p.23) Exhibit A - Certificate of Good Standing)(Tom, Joshua) (Entered: 02/22/2024) |
| 02/22/2024 | 23 (p.272) | MOTION for Davin Rosborough to Appear Pro Hac Vice (Paid $100 PHV fee; receipt number AMSSDC-5341210) by Disability Rights Mississippi, League of Women Voters of Mississippi (Attachments: # 1 (p.23) Exhibit A - Certificate of Good Standing)(Tom, Joshua) (Entered: 02/22/2024) |
| 02/22/2024 | 24 (p.279) | NOTICE of Appearance by Tim C. Holleman on behalf of Christene Brice, Toni Jo Diaz, Carolyn Handler, Barbara Kimball, Becky Payne, Justin Wetzel (Holleman, Tim) (Entered: 02/22/2024) |
| 02/22/2024 | 25 (p.281) | Joinder in Document by Christene Brice, Toni Jo Diaz, Carolyn Handler, Barbara Kimball, Becky Payne, Justin Wetzel to 17 (p.177) Unopposed MOTION to Exempt Defendant from Filing Answer to Plaintiffs' Complaint to Accommodate Parties' Anticipated Filing of Early Cross-Motions for Summary Judgment filed by Michael Watson (Holleman, Tim) (Entered: 02/22/2024) |
| 02/22/2024 | 26 (p.283) | NOTICE *Regarding Defendant Watson's Unopposed Motion and Position on Consolidation* by Mississippi Alliance for Retired Americans, Vet Voice Foundation re 17 (p.177) Unopposed MOTION to Exempt Defendant from Filing Answer to Plaintiffs' Complaint to Accommodate Parties' Anticipated Filing of Early Cross-Motions for Summary Judgment (McDuff, Robert) (Entered: 02/22/2024) |
| 02/23/2024 | | DOCKET ANNOTATION as to #21, 22 and 23. L.U.Civ.R. 7(b)(2) requires that all supporting exhibits to a document be denominated by an exhibit letter or number and a meaningful description. Attorney is advised to follow this rule in future filings by including the exhibit letter or number on each exhibit. (wld) (Entered: 02/23/2024) |
| 02/23/2024 | | DOCKET ANNOTATION as to #25. The body of this document incorrectly references document #5 instead of document #17 as the document being joined. The joinder is linked correctly to document #17. (wld) (Entered: 02/23/2024) |
| 02/23/2024 | 27 (p.288) | ORDER granting 17 (p.177) Motion to Exempt Defendant from Filing Answer to Plaintiffs' Complaint to Accommodate Parties' Anticipated Filing of Early Cross-Motions for Summary Judgment. Signed by District Judge Louis Guirola, Jr., |

| | | |
|---|---|---|
| | | on 2/23/2024. (BR) (Entered: 02/23/2024) |
| 02/26/2024 | 28 (p.290) | SUMMONS Returned Executed by Mississippi Republican Party, Republican National Committee, James Perry. Becky Payne served on 2/22/2024, answer due 3/14/2024. (Ritchie, Spencer) Modified on 2/27/2024 (wld). (Entered: 02/26/2024) |
| 02/26/2024 | 29 (p.292) | SUMMONS Returned Executed by Republican National Committee, James Perry. Christene Brice served on 2/22/2024, answer due 3/14/2024. (Ritchie, Spencer) Modified on 2/27/2024 (wld). (Entered: 02/26/2024) |
| 02/26/2024 | 30 (p.294) | SUMMONS Returned Executed by Mississippi Republican Party, Republican National Committee, James Perry. Toni Jo Diaz served on 2/22/2024, answer due 3/14/2024. (Ritchie, Spencer) Modified on 2/27/2024 (wld). (Entered: 02/26/2024) |
| 02/26/2024 | 31 (p.296) | SUMMONS Returned Executed by Mississippi Republican Party, Republican National Committee, James Perry. Carolyn Handler served in 2/22/2024, answer due 3/14/2024. (Ritchie, Spencer) Modified on 2/27/2024 (wld). (Entered: 02/26/2024) |
| 02/26/2024 | 32 (p.298) | SUMMONS Returned Executed by Mississippi Republican Party, Republican National Committee, James Perry. Barbara Kimball served on 2/22/2024, answer due 3/14/2024. (Ritchie, Spencer) Modified on 2/27/2024 (wld). (Entered: 02/26/2024) |
| 02/26/2024 | 33 (p.300) | Unopposed MOTION for Extension of Time to File Answer re 1 (p.23) Complaint, *Exempt from Answer* by Christene Brice, Toni Jo Diaz, Carolyn Handler, Barbara Kimball, Becky Payne, Justin Wetzel (Holleman, Tim) (Entered: 02/26/2024) |
| 02/26/2024 | | TEXT ONLY ORDER granting 33 (p.300) Motion to *Exempt Defendants from Filing Answer to 1 (p.23) Complaint* . JUSTIN WETZEL, in his official capacity as the clerk and registrar of the Circuit Court of Harrison County, and TONI JO DIAZ, BECKY PAYNE, BARBARA KIMBALL, CHRISTENE BRICE, and CAROLYN HANDLER, in their official capacities as members of the Harrison County Election Commission are exempted from filing an answer or other response to Plaintiffs 1 (p.23) Complaint by February 26, 2024, or otherwise, subject to further order of this Court regarding the prospective entry of a briefing schedule on the parties anticipated cross-motions for summary judgment. NO FURTHER WRITTEN ORDER WILL ISSUE FROM THE COURT. Signed by District Judge Louis Guirola, Jr., on 2/26/2024. (BR) (Entered: 02/26/2024) |
| 02/27/2024 | | DOCKET ANNOTATION as to #28,29,30,31 and 32. Based on the service date on the summons return, clerk corrected the service date to 2/22/2024, and the answer deadline to 3/14/2024. (wld) (Entered: 02/27/2024) |
| 02/27/2024 | | Set/Reset Deadlines: Christene Brice answer due 3/14/2024; Toni Jo Diaz answer due 3/14/2024; Carolyn Handler answer due 3/14/2024; Barbara Kimball answer due 3/14/2024; Becky Payne answer due 3/14/2024. Answer due by 3/14/2024 (wld) (Entered: 02/27/2024) |
| 02/27/2024 | 34 (p.303) | NOTICE *REGARDING LACK OF OPPOSITION TO MOTION TO INTERVENE* by Mississippi Alliance for Retired Americans, Vet Voice Foundation re 6 (p.57) MOTION to Intervene (Wu, Paloma) (Entered: 02/27/2024) |
| 03/01/2024 | 35 (p.307) | ORDER CONSOLIDATING CASES: Republican National Committee, et al. v. Justin Wetzel, et al., 1:24cv25-LG-RPM, and Libertarian Party of Mississippi v. Justin Wetzel, et al., 1:24cv37-LG-RPM, are consolidated for all purposes, with |

| | | |
|---|---|---|
| | | Republican National Committee v. Justin Wetzel, et al., 1:24cv25-LG-RPM, serving as the lead case. All subsequent motions, notices, and pleadings shall be filed in the lead case only. See Order for more details. Signed by District Judge Louis Guirola, Jr. on 3/1/24 (RLW). (Entered: 03/01/2024) |
| 03/01/2024 | | (Court only) ***Set Lead Flag (RLW) (Entered: 03/01/2024) |
| 03/04/2024 | | TEXT ONLY ORDER granting Vet Voice Foundation and Mississippi Alliance for Retired Americans' 6 (p.57) Motion to Intervene as unopposed. The Clerk of Court is directed to list Vet Voice Foundation and Mississippi Alliance for Retired Americans as Intervenor-Defendants on the docket sheet. NO FURTHER WRITTEN ORDER WILL ISSUE FROM THE COURT. Signed by District Judge Louis Guirola, Jr., on 3/4/2024. (BR) (Entered: 03/04/2024) |
| 03/04/2024 | 36 (p.310) | Rule 16(a) INITIAL PRETRIAL ORDER TO CONFER Signed by District Judge Louis Guirola, Jr on 03/04/2024 (Guirola, Louis) (Entered: 03/04/2024) |
| 03/05/2024 | 37 (p.312) | Joint MOTION for Scheduling Order by Mississippi Republican Party, James Perry, Republican National Committee (Ritchie, Spencer) (Entered: 03/05/2024) |
| 03/05/2024 | 38 (p.316) | ORDER granting 37 (p.312) Motion Summary Judgment Briefing Schedule Signed by District Judge Louis Guirola, Jr on 03/05/2024 (Guirola, Louis) (Entered: 03/05/2024) |
| 03/05/2024 | 39 (p.318) | ORDER granting 11 (p.139) Motion to Appear Pro Hac Vice; granting 12 (p.147) Motion to Appear Pro Hac Vice; granting 13 (p.154) Motion to Appear Pro Hac Vice; granting 14 (p.161) Motion to Appear Pro Hac Vice; granting 15 (p.168) Motion to Appear Pro Hac Vice. Signed by Magistrate Judge Robert P. Myers, Jr on March 5, 2024 (SK) (Entered: 03/05/2024) |
| 03/05/2024 | | (Court only) Attorney Elisabeth C. Frost - PHV,Christopher D. Dodge - PHV,Michael B. Jones - PHV,Richard A. Medina - PHV,Tina Meng Morrison - PHV for Mississippi Alliance for Retired Americans,Elisabeth C. Frost - PHV,Christopher D. Dodge - PHV,Michael B. Jones - PHV,Richard A. Medina - PHV,Tina Meng Morrison - PHV for Vet Voice Foundation added. (JCH) (Entered: 03/05/2024) |
| 03/06/2024 | 40 (p.320) | RESPONSE to Motion re 18 (p.181) MOTION to Intervene filed by Mississippi Republican Party, James Perry, Republican National Committee (Ritchie, Spencer) (Entered: 03/06/2024) |
| 03/06/2024 | 41 | (DISREGARD) MOTION for Eric Lee to Appear Pro Hac Vice (Paid $100 PHV fee; receipt number AMSSDC-5354015) by Libertarian Party of Mississippi (Nobile, T. Russell) Modified on 3/6/2024 (wld). (Entered: 03/06/2024) |
| 03/06/2024 | | DOCKET ANNOTATION as to #41. This motion should be styled with the lead case caption. Also the attached certificates should be scanned separately and docketed as properly identified attachments to the main document within the same docket entry.L.U.Civ.R. 7.(b)(2). Attorney is directed to refile. Motion #41 will be terminated and disregarded. (wld) (Entered: 03/06/2024) |
| 03/06/2024 | | (Court only) ***Motions terminated: 41 MOTION for Eric Lee to Appear Pro Hac Vice (Paid $100 PHV fee; receipt number AMSSDC-5354015) filed by Libertarian Party of Mississippi. (wld) (Entered: 03/06/2024) |
| 03/06/2024 | 42 | (DISREGARD) MOTION for Eric Lee to Appear Pro Hac Vice by Libertarian Party |

| | | |
|---|---|---|
| | | of Mississippi (Attachments: # 1 (p.23) Exhibit -1, State Bar of California Certificate of Good Standing, # 2 (p.38) Exhibit -2, DC Bar Certificate of Good Standing)(Nobile, T. Russell) Modified on 3/6/2024 (wld). (Entered: 03/06/2024) |
| 03/06/2024 | | DOCKET ANNOTATION as to #42. Counsel is again advised to correct the case caption. The lead plaintiff should be Republican National Committee. Also, exhibit 1 is labeled as exhibit 2 and exhibit 2 is labeled as exhibit 1. Counsel should refile correctly. Motion #42 will be terminated and disregarded. (wld) (Entered: 03/06/2024) |
| 03/06/2024 | | (Court only) ***Motions terminated: 42 MOTION for Eric Lee to Appear Pro Hac Vice filed by Libertarian Party of Mississippi. (wld) (Entered: 03/06/2024) |
| 03/06/2024 | 43 (p.328) | Response in Opposition re 40 (p.320) RESPONSE to Motion re 18 (p.181) MOTION to Intervene filed by Mississippi Republican Party, James Perry, Republican National Committee (Ritchie, Spencer), 18 (p.181) MOTION to Intervene by Disability Rights Mississippi, League of Women Voters of Mississippi (Attachments: # 1 Exhibit A - Tribble Declaration, # 2 Exhibit B - Ciraldo Declaration, # 3 Exhibit C - Proposed Motion to Dismiss, # 4 Exhibit D - Memorandum ISO Proposed Motion to Dismiss)(Tom, Joshua) filed by Christene Brice, Toni Jo Diaz, Carolyn Handler, Barbara Kimball, Becky Payne, Justin Wetzel (Holleman, Tim) (Entered: 03/06/2024) |
| 03/06/2024 | 44 (p.330) | MOTION for Eric Lee to Appear Pro Hac Vice by Libertarian Party of Mississippi (Attachments: # 1 (p.23) Exhibit -1 DC Bar Certificate of Good Standing, # 2 (p.38) Exhibit -2 California Bar Certificate of Good Standing)(Nobile, T. Russell) (Entered: 03/06/2024) |
| 03/06/2024 | 45 (p.340) | MOTION to Intervene *as Defendant* by Democratic National Committee (Attachments: # 1 (p.23) Exhibit A-[Proposed] Motion to Dismiss, # 2 (p.38) Exhibit B-[Proposed] Memorandum in Support of Motion to Dismiss)(Baria, David) (Entered: 03/06/2024) |
| 03/06/2024 | 46 (p.370) | MEMORANDUM in Support re 45 (p.340) MOTION to Intervene *as Defendant* filed by Democratic National Committee (Baria, David) (Entered: 03/06/2024) |
| 03/07/2024 | | DOCKET ANNOTATION as to #43. This document reads as a joinder to document #40 in the last paragraph. If counsel intends for this document to also be a joinder, a separate document should be filed using the event code "Joinder in Document" which can be found under "Other Documents". Counsel should change the title if this document is refiled. (wld) (Entered: 03/07/2024) |
| 03/07/2024 | 47 (p.388) | ORDER granting in part and denying in part 45 (p.340) Motion to Intervene; the DNC's amicus brief will be due March 26, 2024, and it may be no longer than thirty-five pages in length, denying 18 (p.181) Motion to Intervene; DRMS and the League are permitted to file amici curiae briefs that are no more than thirty-five pages in length by March 26, 2024. Signed by District Judge Louis Guirola, Jr. on 3/7/2024 (wld) (Entered: 03/07/2024) |
| 03/13/2024 | 48 (p.399) | NOTICE of Appearance by Wilson D. Minor-State Gov on behalf of Michael Watson (Minor-State Gov, Wilson) (Entered: 03/13/2024) |
| 03/14/2024 | 49 (p.401) | ANSWER to 1 (p.23) Complaint, by Christene Brice, Toni Jo Diaz, Carolyn Handler, Barbara Kimball, Becky Payne, Justin Wetzel.(Holleman, Tim) (Entered: 03/14/2024) |

| | | |
|---|---|---|
| 03/18/2024 | | DOCKET ANNOTATION as to # 49. Attorney is advised that all future filings should contain the lead case style and the member case style, pursuant to the Order filed on 3/1/24 that consolidated both cases for all purposes. (JCH) (Entered: 03/18/2024) |
| 03/26/2024 | 50 (p.408) | Brief of Amicus Curiae by Disability Rights Mississippi, League of Women Voters of Mississippi filed by Disability Rights Mississippi, League of Women Voters of Mississippi (Tom, Joshua) (Entered: 03/26/2024) |
| 03/26/2024 | 51 (p.431) | MOTION for Summary Judgment *in Consolidated Republican Party Case* by Michael Watson (Attachments: # 1 (p.23) Exhibit 1 - RNC "Who We Are" Statement (gop.com), # 2 (p.38) Exhibit 2 - MSGOP Statement (msgop.org))(Shannon, III-State Gov, Rex) (Entered: 03/26/2024) |
| 03/26/2024 | 52 (p.442) | MEMORANDUM in Support re 51 (p.431) MOTION for Summary Judgment *in Consolidated Republican Party Case* filed by Michael Watson (Shannon, III-State Gov, Rex) (Entered: 03/26/2024) |
| 03/26/2024 | 53 (p.476) | MOTION for Summary Judgment *in Consolidated Libertarian Party Case* by Michael Watson (Attachments: # 1 (p.23) Exhibit 1 - Libertarian Party Bylaws)(Minor-State Gov, Wilson) (Entered: 03/26/2024) |
| 03/26/2024 | 54 (p.497) | MEMORANDUM in Support re 53 (p.476) MOTION for Summary Judgment *in Consolidated Libertarian Party Case* filed by Michael Watson (Minor-State Gov, Wilson) (Entered: 03/26/2024) |
| 03/26/2024 | 55 (p.527) | MOTION for Summary Judgment by Libertarian Party of Mississippi (Attachments: # 1 (p.23) Exhibit 1 - Statement of Material Facts in Support of Plaintiff's Motion for Summary Judgment, # 2 (p.38) Exhibit 2 - Declaration of T. Russell Nobile, # 3 (p.45) Exhibit 3 - Declaration of Vicky Hanson, # 4 (p.47) Exhibit 4 - 2022 General Election Absentee Report, # 5 (p.54) Exhibit 5 - Official 2020 General Election Certified Results)(Nobile, T. Russell) (Entered: 03/26/2024) |
| 03/26/2024 | 56 (p.555) | MEMORANDUM in Support re 55 (p.527) MOTION for Summary Judgment filed by Libertarian Party of Mississippi (Nobile, T. Russell) (Entered: 03/26/2024) |
| 03/26/2024 | 57 (p.581) | Brief of Amicus Curiae by Democratic National Committee filed by Democratic National Committee (Baria, David) (Entered: 03/26/2024) |
| 03/26/2024 | 58 (p.611) | Cross MOTION for Summary Judgment by Matthew Lamb, Mississippi Republican Party, James Perry, Republican National Committee (Attachments: # 1 (p.23) Exhibit Declaration of Ashley Walukevich, # 2 (p.38) Exhibit Declaration of Frank Bordeaux, # 3 (p.45) Exhibit Declaration of James Perry, # 4 (p.47) Exhibit Declaration of Matthew Lamb)(Ritchie, Spencer) (Entered: 03/26/2024) |
| 03/26/2024 | 59 | (DISREGARD)Cross MOTION for Summary Judgment by Matthew Lamb, Mississippi Republican Party, James Perry, Republican National Committee (Ritchie, Spencer) Modified on 3/27/2024 (wld). (Entered: 03/26/2024) |
| 03/26/2024 | 60 (p.632) | MEMORANDUM in Support re 58 (p.611) Cross MOTION for Summary Judgment filed by Matthew Lamb, Mississippi Republican Party, James Perry, Republican National Committee (Ritchie, Spencer) (Entered: 03/26/2024) |
| 03/26/2024 | 61 (p.654) | MOTION for Summary Judgment by Mississippi Alliance for Retired Americans, Vet Voice Foundation (McDuff, Robert) (Entered: 03/26/2024) |
| 03/26/2024 | | |

| | 62 (p.657) | MEMORANDUM IN SUPPORT re 61 (p.654) MOTION for Summary Judgment filed by Mississippi Alliance for Retired Americans, Vet Voice Foundation (McDuff, Robert) (Entered: 03/26/2024) |
|---|---|---|
| 03/26/2024 | 63 (p.688) | MOTION for Summary Judgment by Christene Brice, Toni Jo Diaz, Carolyn Handler, Barbara Kimball, Becky Payne, Justin Wetzel (Holleman, Tim) (Entered: 03/26/2024) |
| 03/26/2024 | 64 (p.691) | MOTION for Summary Judgment by Christene Brice, Toni Jo Diaz, Carolyn Handler, Barbara Kimball, Becky Payne, Justin Wetzel (Holleman, Tim) (Entered: 03/26/2024) |
| 03/27/2024 | | DOCKET ANNOTATION as to #59. This document is filed as a motion but has a memorandum in support attached. Document #59 will be terminated as a motion and disregarded. Counsel should refile correctly. DOCKET ANNOTATION as to #58: Counsel is reminded to include the exhibit letter in the description of each exhibit in future filings. (wld) (Entered: 03/27/2024) |
| 03/27/2024 | | (Court only) ***Motions terminated: 59 Cross MOTION for Summary Judgment filed by James Perry, Matthew Lamb, Mississippi Republican Party, Republican National Committee. (wld) (Entered: 03/27/2024) |
| 04/01/2024 | 65 | **DISREGARD** MOTION for Julia Markham-Cameron to Appear Pro Hac Vice (Paid $100 PHV fee; receipt number AMSSDC-5373593) by Disability Rights Mississippi, League of Women Voters of Mississippi (Attachments: # 1 (p.23) Exhibit A - Certificate of Good Standing)(Tom, Joshua) Modified on 4/1/2024 (JCH). (Entered: 04/01/2024) |
| 04/01/2024 | 66 | **DISREGARD** MOTION for Christopher Merken to Appear Pro Hac Vice (Paid $100 PHV fee; receipt number AMSSDC-5373615) by Disability Rights Mississippi, League of Women Voters of Mississippi (Attachments: # 1 (p.23) Exhibit A - NY Certificate of Good Standing, # 2 (p.38) Exhibit B - DC Certificate of Good Standing, # 3 (p.45) Exhibit C - Bar and Court Admissions)(Tom, Joshua) Modified on 4/1/2024 (JCH). (Entered: 04/01/2024) |
| 04/01/2024 | 67 | **DISREGARD** MOTION for Angela Liu to Appear Pro Hac Vice (Paid $100 PHV fee; receipt number AMSSDC-5373630) by Disability Rights Mississippi, League of Women Voters of Mississippi (Attachments: # 1 (p.23) Exhibit A - Certificate of Good Standing)(Tom, Joshua) Modified on 4/1/2024 (JCH). (Entered: 04/01/2024) |
| 04/01/2024 | | (Court only) ***Motions terminated: 65 MOTION for Julia Markham-Cameron to Appear Pro Hac Vice (Paid $100 PHV fee; receipt number AMSSDC-5373593) filed by League of Women Voters of Mississippi, Disability Rights Mississippi, 67 MOTION for Angela Liu to Appear Pro Hac Vice (Paid $100 PHV fee; receipt number AMSSDC-5373630) filed by League of Women Voters of Mississippi, Disability Rights Mississippi, 66 MOTION for Christopher Merken to Appear Pro Hac Vice (Paid $100 PHV fee; receipt number AMSSDC-5373615) filed by League of Women Voters of Mississippi, Disability Rights Mississippi. (JCH) (Entered: 04/01/2024) |
| 04/01/2024 | | DOCKET ANNOTATION as to # 65 - # 67. These motions have been terminated. The applications are incomplete. Attorney should re-file all 3 applications with section J completed. It is not necessary to pay the fee again. The motions will be disregarded on the docket. (JCH) (Entered: 04/01/2024) |

| | | |
|---|---|---|
| 04/01/2024 | 68 (p.694) | MOTION for Angela Liu to Appear Pro Hac Vice by Disability Rights Mississippi, League of Women Voters of Mississippi (Attachments: # 1 (p.23) Exhibit A - Certificate of Good Standing)(Tom, Joshua) (Entered: 04/01/2024) |
| 04/01/2024 | 69 | (DISREGARD) MOTION for Christopher Merken to Appear Pro Hac Vice by Disability Rights Mississippi, League of Women Voters of Mississippi (Attachments: # 1 (p.23) Exhibit A - NY Certificate of Good Standing, # 2 (p.38) Exhibit B - DC Certificate of Good Standing, # 3 (p.45) Exhibit C - Bar and Court Admissions)(Tom, Joshua) Modified on 4/2/2024 (wld). (Entered: 04/01/2024) |
| 04/01/2024 | 70 (p.701) | MOTION for Julia Markham-Cameron to Appear Pro Hac Vice by Disability Rights Mississippi, League of Women Voters of Mississippi (Attachments: # 1 (p.23) Exhibit A - Certificate of Good Standing)(Tom, Joshua) (Entered: 04/01/2024) |
| 04/02/2024 | | DOCKET ANNOTATION as to #69. Counsel should refile this motion with section J completed. This section is still missing the resident attorney's name and bar number. Document #69 will be terminated and disregarded. Counsel should not pay the fee when refiling. (wld) (Entered: 04/02/2024) |
| 04/02/2024 | | (Court only) ***Motions terminated: 69 MOTION for Christopher Merken to Appear Pro Hac Vice filed by League of Women Voters of Mississippi, Disability Rights Mississippi. (wld) (Entered: 04/02/2024) |
| 04/02/2024 | 71 (p.708) | MOTION for Christopher Merken to Appear Pro Hac Vice by Disability Rights Mississippi, League of Women Voters of Mississippi (Attachments: # 1 (p.23) Exhibit A - NY Certificate of Good Standing, # 2 (p.38) Exhibit B - DC Certificate of Good Standing, # 3 (p.45) Exhibit C - Bar and Court Admissions)(Tom, Joshua) (Entered: 04/02/2024) |
| 04/04/2024 | 72 (p.717) | MOTION to Clarify, or in the Alternative, MOTION to be Exempt from Filing an Answer by Mississippi Alliance for Retired Americans, Vet Voice Foundation (McDuff, Robert). Added MOTION to be Exempt on 4/4/2024 (RLW). (Entered: 04/04/2024) |
| 04/04/2024 | | DOCKET ANNOTATION as to #72: This document requests several motion reliefs. Every motion relief should be selected from the list of motion titles. It is not necessary to refile as court staff has made the necessary correction. Attorney is advised to follow this procedure in future filings. (RLW) (Entered: 04/04/2024) |
| 04/08/2024 | | TEXT ONLY ORDER granting as unopposed 72 (p.717) Motion to Clarify; granting 72 (p.717) Motion to be exempt from filing answer. Vet Voice Foundation and Mississippi Alliance for Retired Americans are exempt from filing a responsive pleading to the Complaint and are subject to the summary judgment briefing schedule [27, 38] previously entered by the Court. NO FURTHER WRITTEN ORDER WILL ISSUE FROM THE COURT. Signed by District Judge Louis Guirola, Jr., on 4/8/2024. (BR) (Entered: 04/08/2024) |
| 04/09/2024 | 73 (p.723) | MEMORANDUM in Opposition re 58 (p.611) Cross MOTION for Summary Judgment filed by Michael Watson (Shannon, III-State Gov, Rex) (Entered: 04/09/2024) |
| 04/09/2024 | 74 (p.759) | MEMORANDUM in Opposition re 55 (p.527) MOTION for Summary Judgment filed by Michael Watson (Minor-State Gov, Wilson) (Entered: 04/09/2024) |
| 04/09/2024 | 75 (p.793) | RESPONSE in Opposition re 51 (p.431) MOTION for Summary Judgment *in Consolidated Republican Party Case*, 64 (p.691) MOTION for Summary Judgment , |

| | | |
|---|---|---|
| | | 63 (p.688) MOTION for Summary Judgment , 61 (p.654) MOTION for Summary Judgment filed by Matthew Lamb, Mississippi Republican Party, James Perry, Republican National Committee (Attachments: # 1 (p.23) Exhibit Exhibit A Declaration of James Blair, # 2 (p.38) Exhibit Exhibit B Supp Declaration of Frank Bordeaux of)(Ritchie, Spencer) (Entered: 04/09/2024) |
| 04/09/2024 | 76 (p.833) | MOTION for Neil Steiner to Appear Pro Hac Vice (Paid $100 PHV fee; receipt number AMSSDC-5380356) by Disability Rights Mississippi, League of Women Voters of Mississippi (Attachments: # 1 (p.23) Exhibit A - Certificate of Good Standing)(Tom, Joshua) (Entered: 04/09/2024) |
| 04/09/2024 | 77 (p.840) | RESPONSE in Opposition re 55 (p.527) MOTION for Summary Judgment filed by Mississippi Alliance for Retired Americans, Vet Voice Foundation (Attachments: # 1 (p.23) Exhibit A - Declaration of E. Frost, # 2 (p.38) Exhibit B - Response to Statement of Material Facts)(McDuff, Robert) (Entered: 04/09/2024) |
| 04/09/2024 | 78 (p.861) | RESPONSE in Opposition re 58 (p.611) Cross MOTION for Summary Judgment filed by Mississippi Alliance for Retired Americans, Vet Voice Foundation (Attachments: # 1 (p.23) Exhibit A - Declaration of E. Frost)(McDuff, Robert) (Entered: 04/09/2024) |
| 04/09/2024 | 79 (p.867) | RESPONSE in Opposition re 53 (p.476) MOTION for Summary Judgment *in Consolidated Libertarian Party Case*, 61 (p.654) MOTION for Summary Judgment filed by Libertarian Party of Mississippi (Attachments: # 1 (p.23) Exhibit -1 Second Declaration of Vicky Hanson, # 2 (p.38) Exhibit -2 Amended Certification of Vote for Electors for President and Vice President Official 2020 General Election Results, Mississippi Secretary of States Office)(Nobile, T. Russell) (Entered: 04/09/2024) |
| 04/09/2024 | 80 (p.877) | MEMORANDUM in Opposition re 53 (p.476) MOTION for Summary Judgment *in Consolidated Libertarian Party Case*, 61 (p.654) MOTION for Summary Judgment filed by Libertarian Party of Mississippi (Nobile, T. Russell) (Entered: 04/09/2024) |
| 04/09/2024 | 81 (p.918) | MEMORANDUM IN SUPPORT re 77 (p.840) Response in Opposition to 55 (p.527) Motion, 78 (p.861) Response in Opposition to 58 (p.611) Motion filed by Mississippi Alliance for Retired Americans, Vet Voice Foundation (McDuff, Robert) Modified on 4/10/2024 to add link to related motions (wld). (Entered: 04/09/2024) |
| 04/10/2024 | 82 (p.955) | RESPONSE in Opposition re 55 (p.527) MOTION for Summary Judgment filed by Christene Brice, Toni Jo Diaz, Carolyn Handler, Barbara Kimball, Becky Payne, Justin Wetzel (Holleman, Tim) (Entered: 04/10/2024) |
| 04/10/2024 | 83 (p.958) | RESPONSE in Opposition re 58 (p.611) Cross MOTION for Summary Judgment filed by Christene Brice, Toni Jo Diaz, Carolyn Handler, Barbara Kimball, Becky Payne, Justin Wetzel (Holleman, Tim) (Entered: 04/10/2024) |
| 04/10/2024 | | DOCKET ANNOTATION as to #81. Incomplete linkage made. This memorandum should have also been linked to motion #55 and motion #58. All related filings to motions (using the"Responses and Replies" category, with the exception of "Response to Order") should be linked back to the original motion. Court staff has made the correction. DOCKET ANNOTATION as to #77 and #78. Counsel is reminded to include the exhibit letter or number on the exhibits in future filings. Counsel is not required to refile. (wld) (Entered: 04/10/2024) |
| 04/11/2024 | 84 (p.961) | Brief of Amicus Curiae by United States of America filed by United States of America (Jhaveri-Federal Gov, Sejal) (Entered: 04/11/2024) |

| 04/15/2024 | 85 (p.984) | Unopposed MOTION for Leave to File Excess Pages *for Rebuttal Memorandum Brief* by Mississippi Alliance for Retired Americans, Vet Voice Foundation (McDuff, Robert) (Entered: 04/15/2024) |
|---|---|---|
| 04/15/2024 | 86 (p.988) | Unopposed MOTION for Leave to File Excess Pages *to Accommodate Full Briefing of Defendant's Cross-Motions for Summary Judgment* by Michael Watson (Shannon, III-State Gov, Rex) (Entered: 04/15/2024) |
| 04/15/2024 | | TEXT ONLY ORDER granting 85 (p.984) Intervenor-Defendants' Unopposed Motion for Leave to File Excess Pages. The rebuttal brief page limit is extended to ten pages as requested. NO FURTHER WRITTEN ORDER WILL ISSUE FROM THE COURT. Signed by District Judge Louis Guirola, Jr on 04/15/2024 (cf) (Entered: 04/15/2024) |
| 04/15/2024 | | TEXT ONLY ORDER granting 86 (p.988) Unopposed Motion for Leave to File Excess Pages. Briefing page limit increased by 10 pages as requested in each case. NO FURTHER WRITTEN ORDER WILL ISSUE FROM THE COURT. Signed by District Judge Louis Guirola, Jr on 04/15/2024 (cf) (Entered: 04/15/2024) |
| 04/16/2024 | 87 (p.993) | REPLY to Response to Motion re 51 (p.431) MOTION for Summary Judgment *in Consolidated Republican Party Case* filed by Michael Watson (Shannon, III-State Gov, Rex) (Entered: 04/16/2024) |
| 04/16/2024 | 88 (p.1006) | REPLY to Response to Motion re 53 (p.476) MOTION for Summary Judgment *in Consolidated Libertarian Party Case* filed by Michael Watson (Minor-State Gov, Wilson) (Entered: 04/16/2024) |
| 04/16/2024 | 89 (p.1022) | REPLY to Response to Motion re 61 (p.654) MOTION for Summary Judgment filed by Mississippi Alliance for Retired Americans, Vet Voice Foundation (McDuff, Robert) (Entered: 04/16/2024) |
| 04/16/2024 | 90 (p.1034) | REPLY to Response to Motion re 58 (p.611) Cross MOTION for Summary Judgment filed by Matthew Lamb, Mississippi Republican Party, James Perry, Republican National Committee (Ritchie, Spencer) (Entered: 04/16/2024) |
| 04/16/2024 | 91 (p.1055) | REPLY to Response to Motion re 55 (p.527) MOTION for Summary Judgment filed by Libertarian Party of Mississippi (Attachments: # 1 (p.23) Exhibit 1 - Stonecash, et al., "Congressional Intrusion to Specify State Voting Dates for National Offices")(Nobile, T. Russell) (Entered: 04/16/2024) |
| 05/02/2024 | 92 (p.1087) | MOTION to Withdraw as Attorney *Michael B. Jones* by Mississippi Alliance for Retired Americans, Vet Voice Foundation (McDuff, Robert) (Entered: 05/02/2024) |
| 05/06/2024 | | TEXT ONLY ORDER granting 92 (p.1087) Motion to Withdraw as Attorney Michael B. Jones. Attorney Michael Brandon Jones - PHV terminated as counsel of record. No further written order will issue. Signed by Magistrate Judge Robert P. Myers, Jr on May 6, 2024 (SK) (Entered: 05/06/2024) |
| 05/09/2024 | 93 (p.1093) | ORDER TO SHOW CAUSE. Show Cause Response due by 5/23/2024. Signed by Magistrate Judge Robert P. Myers, Jr on May 9, 2024 (SK) (Entered: 05/09/2024) |
| 05/09/2024 | 94 (p.1095) | ORDER TO SHOW CAUSE. Show Cause Response due by 5/23/2024. Signed by Magistrate Judge Robert P. Myers, Jr on May 9, 2024 (SK) (Entered: 05/09/2024) |
| 05/09/2024 | 95 (p.1097) | ORDER TO SHOW CAUSE. Show Cause Response due by 5/23/2024 Signed by Magistrate Judge Robert P. Myers, Jr on May 9, 2024 (SK) (Entered: 05/09/2024) |

| | | |
|---|---|---|
| 05/23/2024 | 96 (p.1099) | NOTICE *of Withdrawal* by Libertarian Party of Mississippi re 44 (p.330) MOTION for Eric Lee to Appear Pro Hac Vice (Nobile, T. Russell) (Entered: 05/23/2024) |
| 05/23/2024 | 97 (p.1100) | Response to Order re 95 (p.1097) ORDER TO SHOW CAUSE. Show Cause Response due by 5/23/2024 Signed by Magistrate Judge Robert P. Myers, Jr on May 9, 2024 (SK) filed by Libertarian Party of Mississippi (Attachments: # 1 (p.23) Exhibit - 1 Order from Arnesen v. Raimondo, No. 1:23-CV-145)(Nobile, T. Russell) (Entered: 05/23/2024) |
| 05/23/2024 | 98 (p.1113) | RESPONSE TO ORDER TO SHOW CAUSE re 93 (p.1093) ORDER TO SHOW CAUSE. Show Cause Response due by 5/23/2024. Signed by Magistrate Judge Robert P. Myers, Jr on May 9, 2024 (SK) by Matthew Lamb, Republican National Committee, Mississippi Republican Party, James Perry filed by Matthew Lamb, Republican National Committee, Mississippi Republican Party, James Perry (Ritchie, Spencer) (Entered: 05/23/2024) |
| 05/23/2024 | 99 (p.1120) | RESPONSE TO ORDER TO SHOW CAUSE re 94 (p.1095) ORDER TO SHOW CAUSE. Show Cause Response due by 5/23/2024. Signed by Magistrate Judge Robert P. Myers, Jr on May 9, 2024 (SK) by League of Women Voters of Mississippi, Disability Rights Mississippi filed by League of Women Voters of Mississippi, Disability Rights Mississippi (Tom, Joshua) (Entered: 05/23/2024) |
| 05/24/2024 | | (Court only) ***Motions terminated: 44 (p.330) MOTION for Eric Lee to Appear Pro Hac Vice filed by Libertarian Party of Mississippi per 96 (p.1099) Notice of Withdrawal of Motion. (wld) (Entered: 05/24/2024) |
| 05/30/2024 | 100 (p.1136) | ORDER granting 9 (p.125) Motion to Appear Pro Hac Vice; granting 10 (p.132) Motion to Appear Pro Hac Vice. Signed by Magistrate Judge Robert P. Myers, Jr on May 30, 2024 (SK) (Entered: 05/30/2024) |
| 05/30/2024 | 101 (p.1137) | ORDER granting 68 (p.694) Motion to Appear Pro Hac Vice; granting 70 (p.701) Motion to Appear Pro Hac Vice; granting 71 (p.708) Motion to Appear Pro Hac Vice; granting 76 (p.833) Motion to Appear Pro Hac Vice; granting 21 (p.258) Motion to Appear Pro Hac Vice; granting 22 (p.265) Motion to Appear Pro Hac Vice; granting 23 (p.272) Motion to Appear Pro Hac Vice, Signed by Magistrate Judge Robert P. Myers, Jr on May 30, 2024 (SK) (Entered: 05/30/2024) |
| 05/30/2024 | | (Court only) Attorney Sophia Lin Lakin - PHV,Jacob Matthew van Leer - PHV,Davin M. Rosborough - PHV,Angela M. Liu - PHV,Christopher J. R. Merken - PHV,Julia M. Markham-Cameron - PHV,Neil Steiner - PHV for Disability Rights Mississippi,Thomas R. McCarthy - PHV,Conor D. Woodfin - PHV for Matthew Lamb,Sophia Lin Lakin - PHV,Jacob Matthew van Leer - PHV,Davin M. Rosborough - PHV,Angela M. Liu - PHV,Christopher J. R. Merken - PHV,Julia M. Markham-Cameron - PHV,Neil Steiner - PHV for League of Women Voters of Mississippi,Thomas R. McCarthy - PHV,Conor D. Woodfin - PHV for Mississippi Republican Party,Thomas R. McCarthy - PHV,Conor D. Woodfin - PHV for James Perry,Thomas R. McCarthy - PHV,Conor D. Woodfin - PHV for Republican National Committee added. (JCH) (Entered: 05/30/2024) |
| 06/05/2024 | 102 (p.1138) | ORDER SCHEDULING HEARING Signed by District Judge Louis Guirola, Jr on 06/05/2024 (Guirola, Louis) (Entered: 06/05/2024) |
| 06/05/2024 | | Set Hearing: Motions Hearing set for 7/9/2024 at 01:30 PM in Courtroom 606 (Gulfport) before District Judge Louis Guirola Jr. on the following Summary Judgment motions: 51 (p.431) , 53 (p.476) , 55 (p.527) , 58 (p.611) , 61 (p.654) , 63 (p.688) , and 64 (p.691) . Refer to Order 102 (p.1138) for details. (VLK) (Entered: |

| | | |
|---|---|---|
| | | 06/05/2024) |
| 07/09/2024 | | Minute Entry for proceedings held before District Judge Louis Guirola, Jr: Motion Hearing held on 7/9/2024 regarding the following motions: <u>51 (p.431)</u> MOTION for Summary Judgment *in Consolidated Republican Party Case* filed by Michael Watson; <u>53 (p.476)</u> MOTION for Summary Judgment *in Consolidated Libertarian Party Case* filed by Michael Watson; <u>55 (p.527)</u> MOTION for Summary Judgment filed by Libertarian Party of Mississippi; <u>58 (p.611)</u> Cross MOTION for Summary Judgment filed by James Perry, Matthew Lamb, Mississippi Republican Party, Republican National Committee; <u>61 (p.654)</u> MOTION for Summary Judgment filed by Vet Voice Foundation, Mississippi Alliance for Retired Americans; <u>63 (p.688)</u> MOTION for Summary Judgment filed by Carolyn Handler, Toni Jo Diaz, Christene Brice, Barbara Kimball, Justin Wetzel, Becky Payne; AND <u>64 (p.691)</u> MOTION for Summary Judgment filed by Carolyn Handler, Toni Jo Diaz, Christene Brice, Barbara Kimball, Justin Wetzel, Becky Payne. For reasons as stated on the record, motions <u>51 (p.431)</u> , <u>53 (p.476)</u> , <u>55 (p.527)</u> , <u>58 (p.611)</u> , <u>61 (p.654)</u> , <u>63 (p.688)</u> , and <u>64 (p.691)</u> were taken under advisement. APPEARANCES: S. Ritchie and C. Woodfin, Attorneys for Plaintiffs Republican National Committee, Mississippi Republican Party, James Perry and Matthew Lamb; R. Nobile, Attorney for Consolidated Plaintiff Libertarian Party of Mississippi; T. Holleman, Attorney for Defendants Justin Wetzel, Toni Jo Diaz, Becky Payne, Barbara Kimball, Christene Brice, and Carolyn Handler; R. Shannon, III, and W. Minor, Attorneys for Defendant Michael Watson; and C. Dodge and P. Wu, Attorneys for Intervenor Defendants Vet Voice Foundation and Mississippi Alliance for Retired Americans; and R. Dedeaux and S. Vance, CSOs. Court Reporter Sherri Penny, Telephone Number: 228-563-1781, E-mail: sherri_penny@mssd.uscourts.gov. (VLK) (Entered: 07/09/2024) |
| 07/22/2024 | <u>103 (p.1141)</u> | NOTICE *OF SUPPLEMENTAL AUTHORITY* by Mississippi Alliance for Retired Americans, Vet Voice Foundation (Attachments: # <u>1 (p.23)</u> Attachment A - Order, RNC v. Burgess)(McDuff, Robert) (Entered: 07/22/2024) |
| 07/28/2024 | <u>104 (p.1160)</u> | ORDER granting <u>51 (p.431)</u> Motion for Summary Judgment; granting <u>53 (p.476)</u> Motion for Summary Judgment; denying <u>55 (p.527)</u> Motion for Summary Judgment; denying <u>58 (p.611)</u> Motion for Summary Judgment; granting <u>61 (p.654)</u> Motion for Summary Judgment; granting <u>63 (p.688)</u> Motion for Summary Judgment; granting <u>64 (p.691)</u> Motion for Summary Judgment Signed by District Judge Louis Guirola, Jr on 07/28/2024 (Guirola, Louis) (Entered: 07/28/2024) |
| 07/29/2024 | <u>105 (p.1184)</u> | FINAL JUDGMENT: Ordered that these consolidated cases are dismissed with prejudice. Signed by District Judge Louis Guirola, Jr on 7/28/24. (JCH) (Entered: 07/29/2024) |
| 08/02/2024 | <u>106 (p.1186)</u> | NOTICE OF APPEAL by Libertarian Party of Mississippi of <u>104 (p.1160)</u> Order. Filing fee $ 605, receipt number AMSSDC-5464991. (Nobile, T. Russell) Modified on 8/5/2024 (wld). (Entered: 08/02/2024) |
| 08/02/2024 | <u>107 (p.1188)</u> | NOTICE OF APPEAL by Matthew Lamb, Mississippi Republican Party, James Perry, Republican National Committee of <u>105 (p.1184)</u> Final Judgment. Filing fee $ 605, receipt number AMSSDC-5465110. (Ritchie, Spencer) Modified on 8/5/2024 (wld). (Entered: 08/02/2024) |
| 08/05/2024 | | DOCKET ANNOTATION as to #106 and #107. Counsel did not link the notice of appeal to the document being appealed. Clerk has made the corrections. Also, the appeal deadline should not have been set. (wld) (Entered: 08/05/2024) |

| | | |
|---|---|---|
| 08/06/2024 | | USCA Case Number 24-60395 for <u>107 (p.1188)</u> Notice of Appeal filed by James Perry, Matthew Lamb, Mississippi Republican Party, Republican National Committee, <u>106 (p.1186)</u> Notice of Appeal filed by Libertarian Party of Mississippi. (RLW) (Entered: 08/06/2024) |
| 08/06/2024 | <u>108</u> <u>(p.1191)</u> | Appeal Remark re <u>107 (p.1188)</u> Notice of Appeal, <u>106 (p.1186)</u> Notice of Appeal: Initial case check letter to Attorneys Nobile and Ritchie from U.S. Court of Appeals advising of procedures and case number. (RLW) (Entered: 08/06/2024) |
| 08/09/2024 | <u>109</u> <u>(p.1195)</u> | TRANSCRIPT REQUEST by Matthew Lamb, Mississippi Republican Party, James Perry, Republican National Committee for proceedings held on 07/09/24 before Judge Louis Guirola, Jr., Court Reporter/Transcriber Gabrielle Chambless, Telephone Number : 601-255-6432, E-mail : gabrielle_chambless@mssd.uscourts.gov. (Ritchie, Spencer) (Entered: 08/09/2024) |
| 08/09/2024 | <u>110</u> <u>(p.1196)</u> | NOTICE OF FILING OF OFFICIAL MOTIONS HEARING TRANSCRIPT for dates of 7/9/24 before Judge Louis Guirola, re <u>107 (p.1188)</u> Notice of Appeal, <u>106 (p.1186)</u> Notice of Appeal Court Reporter/Transcriber Sherri Penny, Telephone Number : 228-563-1781, E-mail : sherri_penny@mssd.uscourts.gov.  <span style="color:red">NOTICE RE : REDACTION OF TRANSCRIPTS: The parties have seven (7) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no Notice is filed, the transcript will be made electronically available to the public without redaction after 90 calendar days. The policy is located on the court website at www.mssd.uscourts.gov.</span> Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 8/30/2024. Redacted Transcript Deadline set for 9/9/2024. Release of Transcript Restriction set for 11/7/2024. (SLP) (Entered: 08/09/2024) |

# Tab 2

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION GULFPORT

| | |
|---|---|
| REPUBLICAN NATIONAL COMMITTEE; MISSISSIPPI REPUBLICAN PARTY; JAMES PERRY; and MATTHEW LAMB, | |
| Plaintiffs, | No. 1:24-cv-00025-LG-RPM (Lead Case) |
| v. | **NOTICE OF APPEAL** |
| JUSTIN WETZEL, *in his official capacity as the clerk and registrar of the Circuit Court of Harrison County*; TONI JO DIAZ, BECKY PAYNE, BARBARA KIMBALL, CHRISTENE BRICE, and CAROLYN HANDLER, *in their official capacities as members of the Harrison County Election Commission*; and MICHAEL WATSON, *in his official capacity as the Secretary of State of Mississippi*, | |
| Defendants, | |
| VET VOICE FOUNDATION and MISSISSIPPI ALLIANCE OF RETIRED AMERICANS, | |
| Intervenor-Defendants. | |
| LIBERTARIAN PARTY OF MISSISSIPPI, | |
| Plaintiff, | |
| v. | No. 1:24-cv-00037-LG-RPM (Consolidated Case) |
| JUSTIN WETZEL, *in his official capacity as the clerk and registrar of the Circuit Court of Harrison County, et al.*, | |
| Defendants. | |

The Republican National Committee, Mississippi Republican Party, James Perry, and Matthew Lamb—Plaintiffs in case No. 1:24-cv-25—provide this notice of appeal to the U.S. Court of Appeals for the Fifth Circuit from this Court's final judgment entered on July 29, 2024, dismissing the case, *see* Doc. 105.

Dated: August 2, 2024

Thomas R. McCarthy*
Conor D. Woodfin*
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Ste. 700
Arlington, VA 22209
(703) 243-9423
tom@consovoymccarthy.com
conor@consovoymccarthy.com

*admitted *pro hac vice*

Respectfully submitted,

*s/ Spencer M. Ritchie*

Spencer M. Ritchie (MSB #103636)
FORMAN WATKINS & KRUTZ LLP
210 East Capitol Street, Suite 2200
Jackson, MS 39201
(601) 960-3172
spencer.ritchie@formanwatkins.com

*Counsel for Plaintiffs in
Case No. 1:24-cv-25*

**CERTIFICATE OF SERVICE**

I certify that on August 2, 2024, the foregoing document was filed on the Court's CM/ECF system, which notifies all counsel of record.

<u>*s/ Spencer M. Ritchie*</u>

Spencer M. Ritchie
*Counsel for Plaintiffs in*
*Case No. 1:24-cv-25*

**Tab 3**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

**REPUBLICAN NATIONAL COMMITTEE; MISSISSIPPI REPUBLICAN PARTY; JAMES PERRY; and MATTHEW LAMB**                                   **PLAINTIFFS**

**v.**                                   **CAUSE NO. 1:24cv25-LG-RPM**

**JUSTIN WETZEL, in his official capacity as the clerk and register of the Circuit Court of Harrison County, et al.**                                   **DEFENDANTS**

*consolidated with*

**LIBERTARIAN PARTY OF MISSISSIPPI**                                   **PLAINTIFF**

**v.**                                   **CAUSE NO. 1:24cv37-LG-RPM**

**JUSTIN WETZEL, in his official capacity as the clerk and register of the Circuit Court of Harrison County, et al.**                                   **DEFENDANTS**

## FINAL JUDGMENT

In accordance with the Memorandum Opinion and Order entered herewith, this Court finds that there is no genuine dispute as to any material fact and the Defendants are entitled to judgment as a matter of law pursuant to Fed. R. Civ. P. 56.

**IT IS THEREFORE ORDERED AND ADJUDGED** that these consolidated lawsuits filed by Libertarian Party of Mississippi, Matthew Lamb, the Mississippi

Republican Party, James Perry, and the Republican National Committee are hereby

**DISMISSED WITH PREJUDICE**.

      **SO ORDERED AND ADJUDGED** this the 28th day of July, 2024.

_s/ Louis Guirola, Jr._

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE

# Tab 4

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

| | |
|---|---|
| REPUBLICAN NATIONAL COMMITTEE; MISSISSIPPI REPUBLICAN PARTY; JAMES PERRY; and MATTHEW LAMB | **PLAINTIFFS** |
| v. | **CAUSE NO. 1:24cv25-LG-RPM** |
| JUSTIN WETZEL, in his official capacity as the clerk and register of the Circuit Court of Harrison County, et al. | **DEFENDANTS** |

*consolidated with*

| | |
|---|---|
| LIBERTARIAN PARTY OF MISSISSIPPI | **PLAINTIFF** |
| v. | **CAUSE NO. 1:24cv37-LG-RPM** |
| JUSTIN WETZEL, in his official capacity as the clerk and register of the Circuit Court of Harrison County, et al. | **DEFENDANTS** |

## <u>MEMORANDUM OPINION AND ORDER</u>

**BEFORE THE COURT** in these consolidated cases is a challenge to a portion of Mississippi's absentee-balloting procedures. At issue is Mississippi Code Ann. § 23-15-637(1)(a) which provides in part for the counting of absentee ballots postmarked on or before the date of the election and received by mail no more than five business days after the election. Plaintiffs contend that Mississippi law conflicts with federal statutes establishing a national uniform "election day."

Defendants argue that Plaintiffs lack standing and that Mississippi law is in harmony with federal statutes and the Constitution.  In the opinion of the Court Plaintiffs have Article III standing to proceed.  However, for the reasons stated below the Court finds that Defendants are entitled to judgment as a matter of law on the merits of Plaintiffs' claims.

BACKGROUND

In cause number 1:24cv25-LG-RPM, the Republican Plaintiffs — the Republican National Committee ("RNC"), the Mississippi Republican Party, James "Pete" Perry, and Matthew Lamb[1] — filed a Complaint for declaratory and injunctive relief against the Mississippi Secretary of State, Michael Watson; Justin Wetzel, the clerk and registrar of the Circuit Court of Harrison County, Mississippi; and the members of the Harrison County Election Commission.  Plaintiffs allege that Miss. Code Ann. § 23-15-637(1)(a) violates federal law.  They assert these claims:

> (1) violation of 3 U.S.C. § 1, 2 U.S.C. § 1, and 2 U.S.C. § 7, which designate the election day for the offices of President and Vice President, seats in the Senate, and seats in the House of Representatives, respectively.
>
> (2) a 42 U.S.C. § 1983 claim for violation of the right to stand for office; and
>
> (3) a 42 U.S.C. § 1983 claim for violation of the right to vote.

---

[1] Mr. Perry is the former chair of the Hinds County Republican Party and a current member of the Mississippi Republican Party's executive committee and the Hinds County Republican Executive Committee.  Compl. ¶ 16.  Mr. Lamb is the District 4 Commissioner for the George County Election Commission.  *Id.* ¶ 17.

The Libertarian Party of Mississippi in cause number 1:24cv37-LG-RPM makes essentially the same claims.  The Court consolidated the two cases and granted Vet Voice Foundation and Mississippi Alliance for Retired Americans' Motion for Permission to Intervene as Defendants.[2]

The Mississippi Secretary of State has moved for summary judgment separately against [51] the Republican Plaintiffs and [53] the Libertarian Party, and both sets of Plaintiffs have filed their own [55, 58] motions for summary judgment.  The individual Defendants have [63, 64] adopted the secretary's briefs, and the intervenor Defendants have [61] filed their own separate Rule 56 motion.

## DISCUSSION

### I.  STANDING

The Constitution gives federal courts the power to adjudicate only genuine "cases" and "controversies."  Art. III, § 2.  "For there to be a case or controversy under Article III, the plaintiff must have a personal stake in the case — in other words, standing."  *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021) (internal quotation marks & citation omitted).

"To prove Article III standing, a plaintiff must show that he or she 'h[as] (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision.'"

---

[2] The Court [47] denied Motions for Permission to Intervene as Defendants that were filed by Disability Rights of Mississippi, the League of Women Voters, and the Democratic National Committee, but granted them leave to file amicus curiae briefs.  The United States also filed a [84] Statement of Interest in support of the statute.

*Ortiz v. Am. Airlines, Inc.*, 5 F.4th 622, 628 (5th Cir. 2021) (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016)).  At the summary-judgment stage, a plaintiff can establish standing only by "setting forth by affidavit or other evidence specific facts, which, taken as true, support each element" of the standing analysis.  *Id.* (quoting *Texas v. Rettig*, 987 F.3d 518, 527–28 (5th Cir. 2021)) (cleaned up).  In other words, [a] plaintiff "must point to specific summary judgment evidence showing that it was 'directly affected' by" the Mississippi statute.  *Texas State LULAC v. Elfant*, 52 F.4th 248, 255 (5th Cir. 2022) (citation omitted).

Every plaintiff need not demonstrate standing in this case.  *Texas v. United States*, 809 F.3d 134, 151 (5th Cir. 2015) (holding only one plaintiff need succeed because one party with standing satisfies Article III's case-or-controversy requirement); *Tex. Democratic Party v. Abbott*, 978 F.3d 168, 178 (5th Cir. 2020) ("[I]n the context of injunctive relief, one plaintiff's successful demonstration of standing is sufficient to satisfy Article III's case-or-controversy requirement.") (cleaned up).

Groups like the RNC, the Republican Party, and the Libertarian Party can satisfy the injury-in-fact requirement by demonstrating organizational standing, sometimes also called direct standing.  *See OCA-Greater Hous. v. Texas*, 867 F.3d 604, 610 (5th Cir. 2017); *Tex. Democratic Party v. Benkiser*, 459 F.3d 582, 586 (5th Cir. 2006).  This form of standing applies when the "defendant's actions perceptibly impair the organization's activities and consequently drain the organization's resources."  *Vote.org v. Callanen*, 89 F.4th 459, 470 (5th Cir. 2023) (cleaned up).

However, a "setback to an organization's abstract social interests is insufficient." *Id.* (alterations omitted).

A political party's "need to raise and expend additional funds and resources" satisfies the injury-in-fact requirement of organizational standing because "economic injury is a quintessential injury upon which to base standing." *Benkiser*, 459 F.3d at 586 (citations omitted).[3]  An organization's diversion of "significant resources to counteract the defendant's conduct" will also satisfy this requirement, *Vote.org*, 89 F.4th at 470 (quoting *N.A.A.C.P. v. City of Kyle*, 626 F.3d 233, 238 (5th Cir. 2010)), as long as the organization "identifie[s] any specific projects that [it] had to put on hold or otherwise curtail in order to respond" to the defendant's actions. *City of Kyle*, 626 F.3d at 238.  Vague assertions and speculation that the organization could have spent the funds elsewhere are insufficient.  *Id.*  For example, in *City of Kyle*, the Fifth Circuit held that a plaintiff organization's conjecture that resources would need to be diverted in response to city ordinance could not establish an injury in fact.  *Id.* at 238–39.  The organization did not identify any specific projects that it had to put on hold or curtail, and it cited activities that did not "differ from its routine lobbying activities."  *Id.* at 239.  The

---

[3] Defendants argue that *Benkiser* is inapplicable because it pertained to competitive standing, which is means "a candidate or his political party has standing to challenge the inclusion of an allegedly ineligible rival on the ballot, on the theory that doing so hurts the candidate's or party's own chances of prevailing in the election." *Townley v. Miller*, 722 F.3d 1128, 1135 (9th Cir. 2013) (citation omitted). But competitive standing was an alternative finding in *Benkiser*, separate from its finding of economic loss.  459 F.3d at 586 ("A *second* basis for the TDP's direct standing is harm to its election prospects.") (emphasis added).

court contrasted the vague assertions of the *City of Kyle* plaintiff with the following

proof submitted by an organization in an Eleventh Circuit case, *Florida State*

*Conference of the NAACP v. Browning*:[4]

> The organizations reasonably anticipate[d] that they [would] have to divert personnel and time to educating volunteers and voters on compliance with [a state statute] and to resolving the problem of voters left off the registration rolls on election day. These resources would otherwise be spent on registration drives and election-day education and monitoring. SVREP anticipates that it will expend many more hours than it otherwise would have conducting follow-up work with registration applicants because voters will have their applications denied due to matching failures. In HAGC's case, compensating for the new obstacles created by [the statute] would divert substantial resources away from helping voters who may need language-translation assistance on election day.

522 F.3d 1153, 1165–66 (11th Cir. 2008), *cited with approval in City of Kyle*, 626

F.3d at 238.

The Fifth Circuit has provided helpful analysis distinguishing the *City of*

*Kyle* case from a subsequent case, *OCA-Greater Houston v. Texas*:

> The *City of Kyle* plaintiffs were dedicated lobbying groups who claimed their lobbying and litigation-related expenses as their injury. It is fundamental that no plaintiff may claim as injury the expense of preparing for litigation, for then the injury-in-fact requirement would pose no barrier. The key fact in *City of Kyle* was that every claimed "injury" either was undertaken to prepare for litigation (such as the commissioning of a $15,000 study on the impact of the ordinances—a study that the plaintiffs then relied on at trial to demonstrate disparate impact) or was no different from the plaintiffs' daily operations (such as the vice president's spending time reviewing ordinances).
> Here, by contrast, OCA is not a lobbying group. It went out of its way to counteract the effect of Texas' allegedly unlawful voter-

---

[4] In *Browning*, the plaintiff organizations challenged a Florida statute that established a new verification process for first-time voter registrants. 522 F.3d at 1158.

interpreter restriction — not with a view toward litigation, but toward mitigating its real-world impact on OCA's members and the public. For instance, it undertook to educate voters about Texas's assistor-versus-interpreter distinction to reduce the chance that other voters would be denied their choice of interpreter . . .[,] an undertaking that consumed its time and resources in a way they would not have been spent absent the Texas law. Hence, the Texas statutes at issue "perceptibly impaired" OCA's ability to "get out the vote" among its members.

867 F.3d at 611–12 (footnote omitted).

RNC Political Director James Blair maintains that Mississippi's acceptance of ballots five days after election day "forces the RNC to spend more money on ballot-chase programs and poll-watching activities." (Resp., Ex. A ¶ 3, ECF No. 75-1).[5] He further testifies by declaration:

> Specifically, Mississippi's post-election deadline for the receipt of mail-in ballots requires the RNC to divert more resources toward a longer period of ballot chasing. Absentee-ballot chasing requires establishing and executing a separate, parallel get-out-the-vote effort supported by training, voter education, and voter outreach. Those activities require the RNC to divert resources away from traditional get-out-the-vote operations such as encouraging and assisting people [to] vote in person. But for Mississippi's post-election receipt of mail-in ballots, the RNC would spend more money on traditional get-out-the-vote operations.

_____

[5] In a separate declaration, the RNC's Deputy Political Director, Ashley Walukevich, testifies that ballot chasing is a "labor[-]intensive" program "whereby [the party] contacts voters, educates them about the mail-in voting process, informs them of key deadlines and rules, reminds them to return their mail-in ballots in a timely manner, and encourages them to cure any defects . . . ." (Motion, Ex. A ¶ 11, ECF No. 58-1). She adds that this program is more costly due to Mississippi's counting of ballots received by mail after election day and that the RNC must engage in this program in order to "protect its electoral interests and maintain competitive parity with other political parties. (_Id._ ¶ 12).

(*Id.* ¶ 5).  He claims that this required diversion of resources "directly harms the RNC's mission" because "[t]raditional get-out-the-vote operations are critical to the RNC's mission to represent the interests of the Republican Party and secure the election of Republican candidates."  (*Id.* ¶¶ 6, 8).  He further explains that more resources must be devoted to "additional poll-watcher coverage," including training of poll watchers, "preparation of relevant materials, payment to attorneys for review, and securing additional volunteer time."  (*Id.* ¶ 7).  These efforts and expenditures, he claims, divert resources "away from other election integrity efforts to educate voters, monitor state and local compliance with election laws, and increase confidence in the election."  (*Id.*).

Frank Bordeaux, chair of the Mississippi Republican Party, has also submitted a declaration concerning the effect of the Mississippi statute on its mission.  (Pls.' Resp., Ex. B, ECF No. 75-2).  He testifies that "[t]he MSGOP can afford to expend resources on ballot-chase programs and poll-watching activities in response to Mississippi's mail-in ballot deadline only by diverting them from the pursuit of its mission in other areas."  (*Id.* ¶ 4).  These "other areas" include "efforts to facilitate voter registration, increase in-person turnout, promote and secure election integrity," and "educate voters, among other activities."  (*Id.* ¶ 5)  Mr. Bordeaux states:  "These activities are critical to the MSGOP's mission to represent the interests of the Republican Party and secure the election of Republican candidates for state and federal office in Mississippi."  (*Id.*).  He explains, "[i]f not for Mississippi's late-ballot-receipt deadline, the MSGOP would spend more money

registering Republican voters" and "increasing in-person voter turnout in Mississippi." (*Id.* ¶¶ 6–7).[6]

Along with providing evidence of economic loss, these Plaintiffs allege that the Mississippi statute will cause them to curtail and divert resources away from specific activities and projects — registration of Republican voters and efforts to increase in-person turnout — in order to perform more extensive and expensive ballot-chasing and poll-watching efforts necessitated by the acceptance of absentee ballots received after election day. *See Browning*, 522 F.3d at 1165–66; *see also Martin v. Kemp*, 341 F. Supp. 3d 1326, 1335 (N.D. Ga. 2018) (holding that political organizations had established standing by showing they would have to divert resources from "phone banking, finding canvassing volunteers, in-person and written 'get-out-the-vote' efforts" to cautioning voters about rejection of absentee-ballot applications and ballots). This diversion of resources frustrates and impedes the Republican Party's mission of "represent[ing] the interests of the Republican Party and secur[ing] the election of Republican candidates for state and federal office in Mississippi." *See Democratic Cong. Campaign Comm. v. Kosinski*, 614 F. Supp. 3d 20, 45 (S.D.N.Y. 2022) (collecting cases and holding that diversion of resources away from "engaging and mobilizing voters" to educate them about ballot-rejection practices and "mobilize volunteers to assist those [voters]" frustrated a Democratic committee's mission of electing Democratic candidates). Since

---

[6] In analyzing standing, the Court must assume that the testimony given in these declarations is truthful. *See Ortiz*, 5 F.4th at 628.

"[a]bsentee-ballot chasing requires establishing and executing a separate, parallel get-out-the-vote effort supported by training, voter education, and voter outreach" according to Mr. Blair, these are not the types of routine activities that the Fifth Circuit warned about in *City of Kyle*. *See* 626 F.3d at 238-29.

The Libertarian Party has submitted a declaration signed by Vicky Hanson, who is a lifetime member, the Membership Committee Chairperson, and "the most recent past Secretary of the Libertarian Party of Mississippi." (Libertarian Mot., Ex. 3 ¶¶ 2, 12, ECF No. 55-3). She testifies that "[t]he receipt of absentee ballots after Election Day inhibits [the] Party's ability to monitor counties' receipt of those ballots, as it must sparingly use limited resources during the post-election certification process." (*Id.* ¶ 22). She also states:

> In 2020, due to the change in Mississippi's election code allowing an additional five business days to receive absentee ballots, the Party's ability to monitor the canvassing of ballots diminished. The Party didn't field monitors for all five extra business days in any election held after the law changed, and it is very unlikely it will be able to do so in the near future. The Democrat[ic] and Republican parties, by contrast, can afford to do this extra monitoring, so the Libertarian Party is now in an even worse position compared to them.

(*Id.* ¶ 26). In a supplemental declaration, she testifies:

> . . . Mississippi's Receipt Deadline adds time and duties to our campaigns[,] and we are going to have to use the existing level of volunteer hours to try to fill them. Our other option is to drop the ball — that is, to not do — either post-election canvassing, or some other campaign[-]related task.

(Libertarian Resp., Ex. 1 ¶ 4, ECF No. 79-1).

Additionally, as the Libertarian Party noted in its Memorandum:

> Whatever tasks a Mississippi political party or candidate performs
> during the course of a campaign, and however much time is devoted to
> them, the Receipt Deadline increases those tasks and that time by five
> business days.  Staffing a campaign for an additional five business
> days necessarily costs more than not doing so.  This cost constitutes
> economic harm that confers standing. . . .  If, in the alternative,
> Plaintiff must forgo this monitoring because it simply cannot afford it,
> Plaintiff is also harmed.

(Pl.'s Mem. at 6–7, ECF No. 80).

The RNC and the Mississippi Republican Party have established that they suffered concrete injuries in the form of economic loss and diversion of resources. (Resp., Ex. A at 2, ECF No. 75-1).  Their injuries are not "generalized grievances" because the general population will not experience these losses.  *See Lujan*, 504 U.S. at 575; *see also McMahon v. Fenves*, 946 F.3d 266, 271 (5th Cir. 2020) ("An injury is particularized if it affects the plaintiff in a personal and individual way.").  The injuries are also imminent as the statute currently requires five more business days for receipt, processing, and counting of absentee ballots following the next election in November.  The Libertarian Party has shown through declarants that the Mississippi statute has harmed its mission to secure votes for its candidates.  According to the testimony, it has already significantly curtailed efforts to monitor the counting of absentee ballots, and at the next election, the Libertarian Party will need to choose between post-election canvassing for additional days and other tasks such as getting out its vote on election day.[7]   The injuries alleged by the political

---

[7] Though the injuries to the Libertarian Party are somewhat different, the Court finds that the analysis it applied to the Republican Plaintiffs also applies to the Libertarian Party.

parties — economic injury as well as diversion of resources — in this case are specific to each party, such that these parties have shown they have a direct stake in the outcome of this lawsuit. *See also Voice of the Experienced v. Ardoin*, 2024 WL 2142991 (M.D. La. May 13, 2024) (holding that plaintiffs' alleged diversion of resources adequately to satisfy injury in fact). The injuries threatened to Plaintiffs are fairly traceable to the Mississippi statute's five-day receipt requirement for absentee ballots, and a decision from this Court granting Plaintiffs' requests for declaratory and injunctive relief would redress these injuries by overturning the portion of the statute that will cause Plaintiffs injury at the next election. Plaintiffs have sufficiently alleged standing, and the Court has federal-question jurisdiction to hear this suit.

II.     DOES MISSISSIPPI'S ABSENTEE VOTING STATUTE CONFLICT WITH FEDERAL LAW?

Both sides have filed motions for summary judgment, indicating that they discern no material questions of fact to be resolved on the merits. The Court agrees. "Summary judgment is appropriate where the only issue before the court is a pure question of law." *Sheline v. Dun & Bradstreet Corp.*, 948 F.2d 174, 176 (5th Cir. 1991).

The Electors Clause of the United States Constitution states that Congress can "determine the Time of chusing the Electors [for President and Vice President], and the Day on which they shall give their Votes; which Day shall be the same throughout the United States." Art. II, § 1, cl. 4. The Elections Clause provides: "The Times, Places and Manner of holding Elections for Senators and

Representatives, shall be prescribed in each State by the Legislature thereof; but the Congress may at any time by Law make or alter such Regulations, except as to the Places of chusing Senators." *Id*. art. I, § 4, cl. 1. Thus, the Elections "Clause empowers Congress to pre-empt state regulations governing the 'Times, Places and Manner' of holding congressional elections." *Arizona v. Inter Tribal Council of Ariz., Inc.*, 570 U.S. 1, 8 (2013). "The Clause's substantive scope is broad," because "Times, Places, and Manner" are "comprehensive words, which embrace authority to provide a complete code for congressional elections." *Id*. at 8–9. The Clause "invests the States with responsibility for the mechanics of congressional elections, but only so far as Congress declines to pre-empt state legislative choices." *Id*. at 9 (quoting *Foster v. Love*, 522 U.S. 67, 69 (1997)).

Congress's power over the time, place, and manner of elections is "paramount, and may be exercised at any time, and to any extent which it deems expedient; and so far as it is exercised, and no farther, the regulations effected supersede those of the State which are inconsistent therewith." *Inter Tribal*, 570 U.S. at 9 (quoting U.S. Const. art. I, § 4, cl. 1). Pursuant to this very power, Congress enacted three statutes establishing a single election day for federal elections: 3 U.S.C. § 1, 2 U.S.C. § 1, and 2 U.S.C. § 7. The statute establishing an election day for the offices of President and Vice President provides that "[t]he electors of President and Vice President shall be appointed, in each State, on election day, in accordance with the laws of the State enacted prior to election day." 3 U.S.C. § 1. Congress later defined "election day" in that statute to mean "the

-13-

Tuesday next after the first Monday in November, in every fourth year succeeding every election of a President and Vice President held in each State . . . ."  *Id*. § 21(1).

Likewise, the statute applicable to selection of members of the House of Representatives provides:  "The Tuesday next after the 1st Monday in November, in every even numbered year, is established as the day for the election, in each of the States and Territories of the United States, of Representatives and Delegates to the Congress commencing on the 3d day of January next thereafter."  2 U.S.C. § 7. Finally, the statute pertaining to Senate elections provides:

> At the regular election held in any State next preceding the expiration of the term for which any Senator was elected to represent such State in Congress, at which election a Representative to Congress is regularly by law to be chosen, a United States Senator from said State shall be elected by the people thereof for the term commencing on the 3d day of January next thereafter.

*Id.* § 1.[8]

The legislative history "indicates that Congress wanted a uniform election day to prevent earlier elections in some states unduly influencing the later voters, to prevent fraudulent voting in multiple state elections, and to remove the burden of voting in more than one federal election in a given year."  *Love v. Foster*, 90 F.3d 1026, 1029 (5th Cir. 1996) (citing *Cong. Globe*, 42d Cong., 2d Sess. 112 (1871)), *aff'd*, 522 U.S. 67 (1997).[9]  "By establishing a particular day as 'the day' on which these

---

[8] A discussion of the Framers' intent behind the Elections Clause can be found in the Supreme Court's opinion in *U.S. Term Limits, Inc. v. Thornton*, 514 U.S. 779, 832–34 (1995), and the Sixth Circuit's opinion in *Millsaps v. Thompson*, 259 F.3d 535, 539–40 (6th Cir. 2001).

[9] In a separate statute, Congress created two exceptions to the election-day requirement:  (1) in states that required a majority vote for election, a runoff could

actions must take place, the statutes simply regulate the time of the election, a matter on which the Constitution explicitly gives Congress the final say." *Foster*, 522 U.S. at 71–72.

Plaintiffs maintain that Miss. Code Ann. § 23-15-637(1)(a) violates these statutes because it permits receipt of absentee ballots by mail for up to five business days after the election day established by the federal statutes. Defendants respond that the federal statutes merely require that a vote be cast, not received, on or before election day. The Mississippi statute provides:

> Absentee *ballots and applications received by mail,* except for fax or electronically transmitted ballots as otherwise provided by Section 23-15-699 for UOCAVA ballots, or common carrier, such as United Parcel Service or FedEx Corporation, *must be postmarked on or before the date of the election and received by the registrar no more than five (5) business days after the election; any received after such time shall be handled as provided in Section 23-15-647 and shall not be counted.*

Miss. Code Ann. § 23-15-637 (emphasis added).[10]

The Fifth Circuit has yet to consider whether ballots received after election day may be counted, but it has held that "[a]llowing some voters to cast votes *before* election day does not contravene the federal election statutes because the final selection is not made before the federal election day." *Voting Integrity Project, Inc.*

---

be held between the federal election day and the January when officials take office; and (2) an election could be held on a different date if a vacancy occurred in the office. 2 U.S.C. § 8.

[10] The statute references "UOCAVA," the Uniformed and Overseas Citizens Absentee Voting Act of 1986, which requires states to accept absentee ballots in federal elections from absent uniformed-services voters and overseas voters. 52 U.S.C. § 20302(a)(1). States must send validly requested absentee ballots to these voters at least forty-five days before a federal election in order to provide them enough time to vote. *Id*. § 20302(a)(8), (g)(1)(A).

*v. Bomer*, 199 F.3d 773, 776 (5th Cir. 2000) (emphasis added), *cert. denied*, 530 U.S.
1230 (2000).  In *Bomer*, while addressing Texas's early-voting system, the court
explained that "[s]tates are given a wide discretion in the formulation of a system
for the choice by the people of representatives in Congress."  *Id.* at 775.  The court
said it could not "conceive that Congress intended the federal election day statutes
to have the effect of impeding citizens in exercising their right to vote."  *Id.* at 777.
Thus, the court held that "a state's discretion and flexibility in establishing the
time, place and manner of electing its federal representatives has only one
limitation:  the state system cannot *directly conflict* with federal election laws on
the subject."  *Id.* at 775 (emphasis added).  "Because the election of federal
representatives in Texas [was] not decided or consummated before federal election
day, the Texas scheme [was] not inconsistent with the federal election statutes."  *Id.*
at 776.

    Defendants argue that, under *Bomer*, the Mississippi statute is not
preempted by federal law because it does not "directly conflict" with the election-day
statutes.  *See id.* at 775.  Plaintiffs counter that the appropriate standard — as set
forth in the later Supreme Court case *Inter Tribal* — is whether the state statute is
"inconsistent" with the federal statutes.  *See* 570 U.S. at 9.  According to Plaintiffs,
the *Inter Tribal* standard "is a less demanding preemption standard than the
'directly conflict' standard" because it "does not require a textual or 'facial

conflict.'"[11]  (Reply at 6, ECF No. 91).  Thus, Defendants argue that the Mississippi statute is not preempted because the federal statutes do not directly address whether ballots must be received on or before election day, while Plaintiffs claim that Congress's decision to legislate the time of election "*necessarily* displaces some element of a pre-existing legal regime erected by the States."  (*Id.* at 8) (quoting *Inter Tribal*, 570 U.S. at 14).  Plaintiffs assert that the Mississippi statute must "give way" because it is inconsistent with the election-day statutes.  (*Id.*).

Before this Court can determine whether the Mississippi statute conflicts with, or is inconsistent with, the federal election-day statutes, the Court must consider the meaning of the word "election" in those statutes.  "[E]very statute's meaning is fixed at the time of enactment."  *Wisc. Cent. Ltd v. United States*, 585 U.S. 274, 284 (2018) (emphasis omitted).  Therefore, this Court must interpret the word "election" "consistent with [its] ordinary meaning . . . at the time Congress enacted the statute[s]."  *Id.* at 277 (internal quotation marks & citation omitted).

---

[11] Plaintiffs cite no authority that distinguishes between "direct conflict" and "inconsistency."  It appears that the Fifth Circuit does not view the standards set forth in *Inter Tribal* and *Bomer* as conflicting because it cited both standards in *Voting for America, Inc. v. Steen*, 732 F.3d 382 (5th Cir. 2013).  First, the Fifth Circuit cited *Voting for America v. Andrade*, 488 F. App'x 890, 896 (5th Cir. 2012), and *Bomer* for the proposition the "state election laws cannot 'directly conflict' with federal election laws on the subject."  *Id.* at 399.  Later on in the same opinion, the Fifth Circuit cited the holding in *Inter Tribal* and found its facts distinguishable because "the laws do not conflict."  *Id.* at 400.  Therefore, "inconsistency" and "direct conflict" are essentially synonymous and do not appear to be different standards under Fifth Circuit precedent.  In fact, having quoted the "inconsistent" standard from a prior case, *Inter Tribal* then goes on to say that the "straightforward textual question here is whether" the challenged statute "conflicts with" federal law.  570 U.S. at 9.

In 1921, the Supreme Court noted that the word "election" still had "the same general significance as it did when the Constitution came into existence — *final choice of an officer by the duly qualified electors.*" *Newberry v. United States*, 256 U.S. 232, 250 (1921) (emphasis added). More recently, while considering the election-day statutes, the Supreme Court held that "election" "refer[s] to the combined actions of voters and officials meant to make *a final selection* of an officeholder." *Foster*, 522 U.S. at 71 (emphasis added). Plaintiffs seize upon the unspecified "actions" of "officials" to argue that no vote is cast until it is received by election officials. (Mem. at 7–8, ECF No. 60). However, the *Foster* Court explained that "there is room for argument about just what may constitute the final act of selection within the meaning of the law," and it found it unnecessary to "isolat[e] precisely what acts a State must cause to be done on federal election day . . . in order to satisfy the statute." 522 U.S. at 72. The Court expressly limited its holding to the single issue of Louisiana's practice of electing most members of Congress in an open primary held before election day: "We hold today only that if an election does take place, it may not be consummated prior to federal election day." *Id*. at 72 n.4.

In *Bomer*, the Fifth Circuit provided the following analysis of the *Foster* decision:

> [T]he plain language of the statute does not require all voting to occur on federal election day. All the statute requires is that the election be held that day. . . . Allowing some voters to cast votes before election day does not contravene the federal election statutes because the final selection is not made before the federal election day. . . . [T]his conclusion is consistent with the [*Foster*] Court's refusal to give a

-18-

> hyper-technical meaning to "election" and its refusal to "[pare] the term 'election' in § 7 down to the definitional bone."

199 F.3d at 776 (citations omitted). Likewise, no "final selection" is made *after* the

federal election day under Mississippi's law. All that occurs after election day is the

delivery and counting of ballots cast on or before election day. Plaintiffs argue that

no ballots are "cast" until they are in the custody of election officials, but their only

authority for this proposition is a Montana state-court decision from 1944. (Mem.

at 9, ECF No. 60; Mem. at 7, ECF No. 56).

Several lower courts have taken a similar approach to that of the *Bomer*

court in considering whether a conflict exists between the election-day statutes and

state laws permitting receipt of ballots postmarked on or before election day. For

example, in *Bost v. Illinois State Board of Elections*, 684 F. Supp. 3d 720 (N.D. Ill.

2023), a district court recently considered a challenge to an Illinois statute that

permitted ballots postmarked or certified on or before election day to be received

and counted for up to fourteen days after election day. First, the court noted:

> There is a notable lack of federal law governing the timeliness of mail-in ballots. In general, the Elections Clause delegates the authority to prescribe procedural rules for federal elections to the states. If the states' regulations operate harmoniously with federal statutes, Congress typically does not exercise its power to alter state election regulations.

*Id.* at 736 (citations omitted). The court found that the statute "operates

harmoniously" and is "facially compatible" with the federal statutes because only

ballots postmarked no later than election day are counted under the Illinois statute.

*Id.* It reasoned that many states had enacted similar statutes that had been in

place for many years, but Congress "has never stepped in and altered the rules." *Id.*
The court also recognized that Congress's enactment of UOCAVA and the United
States Attorney General's repeated efforts in seeking court-ordered extensions of
ballot-receipt deadlines for military voters "strongly suggest that statutes like the
one at issue here are compatible with the Elections Clause." *Id.* at 737. As a result,
the court found that the plaintiffs had "failed to state a viable challenge to the
[s]tatute based on federal law." *Id.*

Plaintiffs object that one cannot infer from Congress's enacting supplemental
election statutes that state statutes doing similar things are in harmony with
federal law, because Congress can amend federal law but states can't. (Resp. at 28,
ECF No. 75). But courts must strongly presume that acts of Congress addressing
the same topics are in harmony rather than one statute's impliedly repealing the
other in whole or part. *Epic Sys. Corp. v. Lewis*, 584 U.S. 497, 510 (2018). So if one
federal statute implicitly allows post-election receipt of overseas ballots mailed by
election day, that statute is presumed not to offend against the election-day
statutes, from which one may infer that the similar Mississippi statute on post-
election receipt is likewise inoffensive.

Much like in *Bost*, another court explained:

[O]verseas absentee voters, like all the rest of the voters, cast their
votes on election day. The only difference is when those votes are
counted. Thus, this case comes down to having very little difference
from the typical voting and vote-counting scenario. Routinely, in every
election, hundreds of thousands of votes are cast on election day but
are not counted until the next day or beyond.

*Harris v. Fla. Elections Canvassing Comm'n*, 122 F. Supp. 2d 1317, 1325 (N.D. Fla.), *aff'd sub nom. Harris v. Fla. Elections Comm'n*, 235 F.3d 578 (11th Cir. 2000). The court likewise noted that the federal government was surely aware that several states had similar practices of accepting ballots received after election day, but it had not sued any state to challenge that practice. *Id.* This, the court held,

> lends further support to the notion that Congress did not intend 3 U.S.C. § 1 to impose irrational scheduling rules on state and local canvassing officials, and certainly did not intend to disenfranchise voters whose only reason for not being able to have their ballots arrive by the close of election day is that they were serving their country overseas.

*Id.*

In another opinion (later vacated as moot by the Supreme Court), the Third Circuit upheld a three-day extension of the ballot-receipt deadline granted by the Pennsylvania Supreme Court in response to the Covid-19 pandemic and delays in mail delivery. *Bognet v. Sec'y Commonwealth of Penn.*, 980 F.3d 336, 344 (3d Cir. 2020), *cert. granted, judgment vacated sub nom. Bognet v. Degraffenreid*, 141 S. Ct. 2508 (2021). The court explained that "Congress exercises its power to 'alter' state election regulations only if the state regime cannot 'operate harmoniously' with federal election laws 'in a single procedural scheme.'" *Id.* at 353 (quoting *Gonzalez v. Arizona*, 677 F.3d 383, 394 (9th Cir. 2012), *aff'd sub nom. Inter Tribal*, 570 U.S. 1).

The analysis in these opinions is persuasive. "The legislative history of the [election-day] statutes reflects Congress's concern that citizens be able to exercise their right to vote." *Bomer*, 199 F.3d at 777 (citing *Cong. Globe*, 42d Cong., 2d Sess.

-21-

3407–08 (1872)).  According to *Foster*, Congress set a national election day to avoid the "evils" of burdening citizens with multiple election days and of risking undue influence upon voters in one state from the announced tallies in states voting earlier.  522 U.S. at 73–74.  Neither of those concerns is raised by allowing a reasonable interval for ballots cast and postmarked by election day to arrive by mail.  Moreover, as the Fifth Circuit has noted, it is difficult to "conceive that Congress intended the federal election day statutes to have the effect of impeding citizens in exercising their right to vote." *Bomer*, 199 F.3d at 777.

After hearing oral arguments and considering the seven sets of motions, responses, and replies submitted by the parties as well as the three amici briefs, the Court finds that case authority as well as the legislative history, combined with the Framers' intention in drafting the Elections and Electors Clauses, Supreme Court precedent, and Congress's enactment of UOCAVA support a finding that Mississippi's statute operates consistently with and does not conflict with the Electors Clause or the election-day statutes.

### III.  DOES THE MISSISSIPPI STATUTE VIOLATE PLAINTIFFS' CONSTITUTIONAL RIGHTS?

Counts Two and Three of the Complaint allege violations of the rights to vote and to stand for public office.  But neither the Republican Plaintiffs nor the Libertarian Party rebutted Defendants' motions for summary judgment in their responses.  The former did however address those issues in supporting their own

Rule 56 motion.  (Mem. at 18–19, ECF No. 60; Reply at 18–19, ECF No. 90).  The Court will construe that discussion as also rebutting Defendants' arguments.

Essentially, both counts stand or fall on whether the Mississippi absentee-ballots statute conflicts with federal law, in which case Plaintiffs say their rights would be violated.  Because the Court finds no such conflict, it finds no such violations.  Summary judgment is properly granted to Defendants on Counts Two and Three and is denied as to Plaintiffs.

## CONCLUSION

The Elections Clause has two functions.  Upon the States it imposes the duty ("*shall* be prescribed") to prescribe the time, place, and manner of electing Representatives and Senators; upon Congress it confers the power to alter those regulations or supplant them altogether. *Inter Tribal*, 570 U.S. at 8.  In the absence of federal law regulating absentee mail-in ballot procedures, states retain the authority and the constitutional charge to establish their lawful time, place, and manner boundaries.

The Court finds that the RNC, the Mississippi Republican Party, and the Libertarian Party each have standing to proceed with these lawsuits.  They have sufficiently alleged negative consequences they suffer because of Mississippi's statute allowing post-election receipt of ballots mailed by election day.  However, the Court also finds that Defendants are entitled to summary judgment as to all of Plaintiffs' claims.  Mississippi's statutory procedure for counting lawfully cast absentee ballots, postmarked on or before election day, and received no more than

five business days after election day is consistent with federal law and does not conflict with the Elections Clause, the Electors' Clause, or the election-day statutes.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [51] Motion for Summary Judgment in Consolidated Republican Party Case filed by Secretary of State Michael Watson, the [53] Motion for Summary Judgment in Consolidated Libertarian Case filed by the secretary, the [61] Motion for Summary Judgment filed by Intervenor Defendants Alliance for Retired Americans and Vet Voice Foundation, the [63] Motion for Summary Judgment in the Consolidated Republican Case filed by Christene Brice, Toni Jo Diaz, Carolyn Handler, Barbara Kimball, Becky Payne, and Justin Wetzel, and the [64] Motion for Summary Judgment in the Consolidated Libertarian Case filed by the same movants, are **GRANTED**. The Court will enter a separate judgment as required by Fed. R. Civ. P. 58(a).

**IT IS FURTHER ORDERED AND ADJUDGED** that the [55] Motion for Summary Judgment filed by the Libertarian Party of Mississippi and the [58] Cross Motion for Summary Judgment filed by Matthew Lamb, the Mississippi Republican Party, James Perry, and the Republican National Committee are **DENIED**.

**SO ORDERED AND ADJUDGED** this the 28th day of July, 2024.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE

# Tab 5

## CERTIFICATE OF SERVICE

I filed this **document** on the Court's electronic filing system, which will email everyone requiring notice.

Dated: August 16, 2024

*/s/ Thomas R. McCarthy*