# No. 24-60395

# UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

Republican National Committee; Mississippi Republican Party; James Perry; Matthew Lamb,

*Plaintiffs - Appellants,*

v.

Justin Wetzel, in his official capacity as the clerk and registrar of the Circuit Court of Harrison County; Toni Jo Diaz, in their official capacities as members of the Harrison County Election Commission; Becky Payne, in their official capacities as members of the Harrison County Election Commission; Barbara Kimball, in their official capacities as members of the Harrison County Election Commission; Christene Brice, in their official capacities as members of the Harrison County Election Commission; Carolyn Handler, in their official capacities as members of the Harrison County Election Commission; Michael Watson, in his official capacity as the Secretary of State of Mississippi,

*Defendants - Appellees*

Vet Voice Foundation; Mississippi Alliance for Retired Americans,

*Intervenor Defendants - Appellees*

Libertarian Party of Mississippi,

*Plaintiff - Appellant,*

v.

Justin Wetzel, in his official capacity as the clerk and registrar of the Circuit Court of Harrison County; Toni Jo Diaz in their official capacities as members of the Harrison County Election Commission; Becky Payne, in their official capacities as members of the Harrison County Election Commission; Barbara Kimball, in their official capacities as

members of the Harrison County Election Commission; Cristene Brice, in their official capacities as members of the Harrison County Election Commission; Carolyn Handler, in their official capacities as members of the Harrison County Election Commission; Michael Watson, in his official capacity as the Secretary of State of Mississippi,

*Defendants - Appellees*

---

On Appeal from the United States District Court for the Southern District of Mississippi, Nos. 1:24-CV-25 & 1:24-CV-37

---

**Democratic National Committee's Opposed Motion to Participate as *Amicus Curiae* in Support of Defendants-Appellees and Affirmance**

---

| | |
|---|---|
| David W. Baria | Donald B. Verrilli, Jr. |
| COSMICH, SIMMONS & BROWN, PLLC | Ginger D. Anders |
| | J. Kain Day |
| 544 Main Street | MUNGER, TOLLES & OLSON LLP |
| Bay St. Louis, MS 39520 | 601 Massachusetts Ave., NW |
| (228) 242-4987 | Suite 500E |
| david.baria@cs-law.com | Washington, DC 20001 |
| | (202) 220-1100 |
| | Donald.Verrilli@mto.com |
| | Ginger.Anders@mto.com |
| | Kain.Day@mto.com |

*Counsel for Amicus Curiae*

# CERTIFICATE OF INTERESTED PERSONS

No. 24-60395

Republican National Committee; Mississippi Republican Party; James Perry; Matthew Lamb,

*Plaintiffs - Appellants,*

v.

Justin Wetzel, in his official capacity as the clerk and registrar of the Circuit Court of Harrison County; Toni Jo Diaz, in their official capacities as members of the Harrison County Election Commission; Becky Payne, in their official capacities as members of the Harrison County Election Commission; Barbara Kimball, in their official capacities as members of the Harrison County Election Commission; Christene Brice, in their official capacities as members of the Harrison County Election Commission; Carolyn Handler, in their official capacities as members of the Harrison County Election Commission; Michael Watson, in his official capacity as the Secretary of State of Mississippi,

*Defendants - Appellees*

Vet Voice Foundation; Mississippi Alliance for Retired Americans,

*Intervenor Defendants - Appellees*

---

Libertarian Party of Mississippi,

*Plaintiff - Appellant,*

v.

Justin Wetzel, in his official capacity as the clerk and registrar of the Circuit Court of Harrison County; Toni Jo Diaz in their official capacities as members of the Harrison County Election Commission; Becky Payne, in their official capacities as members of the Harrison County Election Commission; Barbara Kimball, in their official capacities as members of the Harrison County Election Commission; Cristene Brice, in their official capacities as members of the

Harrison County Election Commission; Carolyn Handler, in their official capacities as members of the Harrison County Election Commission; Michael Watson, in his official capacity as the Secretary of State of Mississippi,

*Defendants - Appellees*

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

***Plaintiffs - Appellants*:** Republican National Committee; Mississippi Republican Party; James Perry; Matthew Lamb; Libertarian Party of Mississippi.

***Counsel to Plaintiff – Appellant Libertarian Party of Mississippi*:** T. Russell Nobile and Eric W. Lee of Judicial Watch, Incorporated.

***Counsel to Plaintiffs – Appellants Republican National Committee; Mississippi Republican Party; James Perry; Matthew Lamb*:** Thomas McCarthy and Conor Woodfin of Consovoy McCarthy, P.L.L.C.; Spencer M. Ritchie of Forman Watkins & Krutz, L.L.P.

***Defendants - Appellees*:** Justin Wetzel, in his official capacity as the clerk and registrar of the Circuit Court of Harrison County; Toni Jo Diaz in their official capacities as members of the Harrison County Election Commission; Becky Payne, in their official capacities as members of the Harrison County Election Commission; Barbara Kimball, in their official capacities as members of the Harrison County Election Commission; Cristene Brice, in their official capacities as members of the Harrison County Election Commission; Carolyn Handler, in their official capacities as members of the Harrison County Election Commission; Michael Watson, in his official capacity as the Secretary of State of Mississippi.

***Counsel to Defendants – Appellees Justin Wetzel, in his official capacity as the clerk and registrar of the Circuit Court of Harrison County; Toni Jo Diaz in their official capacities as members of the Harrison County Election Commission; Becky Payne, in their official capacities as members of the Harrison County Election Commission; Barbara Kimball, in their official capacities as members of the Harrison County Election Commission; Cristene Brice, in their official capacities as***

*members of the Harrison County Election Commission; Carolyn Handler, in their official capacities as members of the Harrison County Election Commission*: Tim C. Holleman, Esq., of Boyce Holleman & Associates.

*Counsel to Defendant – Appellee Michael Watson, in his official capacity as the Secretary of State of Mississippi*: Scott G. Stewart, Justin Lee Matheny, Esq., Rex Morris Shannon, III, Esq., of the Mississippi Attorney General's Office.

*Intervenors Defendants-Appellees*: Vet Voice Foundation and Mississippi Alliance for Retired Americans.

*Counsel for Intervenors Defendants-Appellees Vet Voice Foundation and Mississippi Alliance for Retired Americans*: Elisabeth C. Frost, Christopher D. Dodge, and Richard Alexander Medina of Elias Law Group, L.L.P.

**Amicus Curiae:** Democratic National Committee.

*Counsel for* **Amicus Curiae:** Donald B. Verrilli, Jr., Ginger D. Anders, and J. Kain Day of Munger, Tolles & Olson LLP; David W. Baria of Cosmich, Simmons & Brown, PLLC.

Pursuant to Federal Rules of Appellate Procedure 26.1(a) and 29(a)(4)(A), undersigned counsel certifies that amicus curiae is not a publicly-held corporation, does not issue stock, and does not have a parent corporation; consequently, no publicly-held corporation owns ten percent or more of the stock of amicus.

Dated: August 21, 2024

*/s/ Donald B. Verrilli, Jr.*
Donald B. Verrilli, Jr.

# MOTION FOR LEAVE TO PARTICIPATE AS AMICUS CURIAE

Pursuant to Federal Rule of Appellate Procedure 29, the Democratic National Committee (DNC) respectfully moves for leave to participate in this appeal as an amicus curiae in support of Defendants-Appellees and affirmance. The DNC is prepared to file its amicus brief on September 9, 2024, the deadline for Defendants-Appellees' response briefs, so that Plaintiffs-Appellants have the opportunity to respond to the amicus brief in their replies. This motion is filed in advance of that deadline because one set of Defendants-Appellees opposes the motion, and because the DNC is also requesting leave to participate in oral argument.

Counsel for the DNC conferred with party counsel, seeking consent to participate as an amicus curiae. Plaintiffs-Appellants, the Mississippi Secretary of State Michael Watson, and Intervenors Defendants-Appellees all consented. But counsel for the other Defendants-Appellees, certain Harrison County Officials, indicated he would advise his clients to oppose.

For the reasons set forth below, and consistent with the Court's general practice, the DNC's motion should be granted.

# ARGUMENT

This Court "welcome[s] amicus briefs for one simple reason: '[I]t is for the honour of a court of justice to avoid error in their judgments.'" *Lefebure v. D'Aquilla*, 15 F.4th 670, 675 (5th Cir. 2021) (quoting *The Protector v. Geering*, 145 Eng. Rep. 394 (K.B. 1686)). Indeed, "[a]n amicus who makes a strong but responsible presentation in support of a party can truly serve as the court's friend." *Id.* (quoting *Neonatology Assocs., P.A. v. Comm'r*, 293 F.3d 128, 131 (3d Cir. 2002) (Alito, J.)). Thus, the Court is "well advised to grant motions for leave to file amicus briefs unless it is obvious that the proposed briefs do not meet Rule 29's criteria as broadly interpreted." *Id.* at 676 (citation omitted).

The Democratic National Committee easily meets the criteria in Rule 29. The DNC has a strong "interest" in the outcome of this appeal, and an amicus brief from the DNC is "desirable" and would cover matters "relevant to the disposition of the case." *See* Fed. R. App. P. 29(a)(3). The district court granted the DNC leave to participate as an amicus, and this Court should do the same.

### A. The DNC Has a Significant Interest in the Outcome of the Litigation.

The "interest" requirement is readily met here. See Fed. R. App. P. 29(a)(3)(A). Plaintiffs-Appellants allege that a Mississippi statute, Miss. Code § 23-15-637(1)(a), is invalid. They claim that, under federal law, every absentee vote must be received by an election official on election day. If successful, Plaintiffs-Appellants' challenge would make casting a vote more difficult for thousands of Mississippians, including numerous members of the DNC. The DNC and its members have at least three powerful interests in preventing that deeply unfair result.

**First**, the disposition of these suits will impact the strong interest of DNC members and constituents in having their votes counted. The DNC has members and constituents in Mississippi who will avail themselves of § 23-15-637(1)(a)'s absentee ballot procedures. "Obviously included within the right to [vote], secured by the Constitution, is the right of qualified voters within a state to cast their ballots and have them counted." *United States v. Classic*, 313 U.S. 299, 315 (1941). Indeed, "[t]here is no right more basic in our democracy than the right to participate in electing our political leaders." *McCutcheon v. FEC*, 572 U.S. 185, 191 (2014). If Plaintiffs-Appellants' challenge is successful,

numerous Democratic Party voters who are unable to vote in person on Election Day could lose the ability to have their votes counted unless they are able to rush to comply with new, earlier deadlines imposed shortly before the election. The DNC has an overriding interest in preventing that outcome.

**Second**, if Plaintiffs-Appellants succeed, the DNC will have to devote resources to encourage Mississippi voters to complete and mail their ballots well before election day to avoid disenfranchisement. Avoiding that expenditure is a direct and substantial interest of the DNC itself, separate from the interests of its constituent members.

**Third**, these suits threaten to prevent the election of Democratic candidates. Interference with a political party's electoral prospects constitutes a particularized interest. *E.g.*, *Texas Democratic Party v. Benkiser*, 459 F.3d 582, 586-87 (5th Cir. 2006) (holding that a "basis for the [Texas Democratic Party's] direct standing is harm to its election prospects" and that "a political party's interest in a candidate's success is not merely an ideological interest"); *Owen v. Mulligan*, 640 F.2d 1130, 1132 (9th Cir. 1981) (holding that "the potential loss of an election" is

4

sufficient interest for intervention). No other Appellee has an interest in the election of candidates, let alone Democratic candidates specifically.

## B. The DNC Will Present A Unique Perspective That Will Aid The Court In Adjudicating This Case

The DNC will present a unique perspective that would aid the Court in resolving this dispute. The Defendants-Appellees, state officials charged with oversight of Mississippi elections, do not share the DNC's particular interest in the votes of Democratic Party members and the election of Democratic candidates. The state officials' stake is defined by their statutory duties, requiring them to "represent the broad public interest," *Sierra Club v. Espy*, 18 F.3d 1202, 1208 (5th Cir. 1994), and serve a "broad public mission," *see Wal-Mart Stores, Inc. v. Texas Alcoholic Beverage Comm'n*, 834 F.3d 562, 569 (5th Cir. 2016). The Intervenor Defendants-Appellees also do not have any interest in the votes of *Democratic* Party members and the election of *Democratic* candidates. Instead, Intervenor Defendants-Appellees are organizations that represent the interests of *veterans* or *retired Americans*. Any overlap among those groups is merely incidental and would not, necessarily, result in overlapping positions in these appeals.

By contrast, the DNC's interests are much more particular. The DNC's mission is to ensure that as many of its voters who have cast ballots have their votes counted and to have its candidates elected. *See Issa v. Newsom,* 2020 WL 3074351, at *3 (E.D. Cal. June 10, 2020) ("While Defendants' arguments turn on their inherent authority as state executives and their responsibility to properly administer election laws, the Proposed Intervenors [including Democratic entities] are concerned with ensuring their party members and the voters they represent have the opportunity to vote in the upcoming federal election, advancing their overall electoral prospects, and allocating their limited resources to inform voters about the election procedures."); *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 899 (9th Cir. 2011) ("[T]he government's representation of the public interest may not be 'identical to the individual parochial interest' of a particular group just because 'both entities occupy the same posture in the litigation.'" (citation omitted)); *Wal-Mart Stores*, 834 F.3d at 569; *Trbovich v. United Mine Workers of Am.,* 404 U.S. 528, 538-39 (1972). And the DNC's interests are at the core of these cases. Plaintiffs-Appellants threaten to disenfranchise voters, which would harm Democratic candidates.

Moreover, unlike the Defendants-Appellees or Intervenor Defendants-Appellees, the DNC also has interests that extend beyond Mississippi's borders. The DNC is gearing up for national elections in every state. Today, at least 28 states and the District of Columbia permit mailed ballots to arrive after election day for at least some voters. The Plaintiffs-Appellants' suit is clearly intended to create precedent that calls into question the validity of all these statutes, not just the provision in the Mississippi code. In fact, the RNC has already sued in Nevada challenging a similar statute. *See Republican National Committee v. Burgess*, No. 3:24-cv-198 (D. Nev.).[1] The DNC has an interest in preserving the right to vote in each of these states—including individual interests in allocating its resources, representative interests based on DNC voters, and an interest in seeing that DNC candidates are elected to office. And because the DNC is either litigating in, or monitoring, similar cases in other states, the DNC can present a nationwide perspective.

---

[1] In that suit, the court dismissed for lack of standing. The RNC has noticed an appeal to the Ninth Circuit.

In fact, though not necessary to justify amicus participation, the DNC's specific interests are likely to result in the DNC presenting different arguments compared to those offered by the Defendants-Appellees and Intervenor Defendants-Appellees. *See Paher v. Cegavske*, 2020 WL 2042365, at *3 (D. Nev. April 28, 2020) (granting intervention where litigants in state court action including voter engagement non-profit "may present arguments about the need to safeguard Nevadan's right to vote that are distinct from Defendants' arguments"). While the named Defendants-Appellees are likely to defend Mississippi state law and their oversight of the election, they may not raise the merits arguments in the DNC's amicus brief—as evidenced by the unique arguments the DNC presented in its brief before the district court, like a more extensive discussion of the history of absentee voting in the states.

## **CONCLUSION**

For the foregoing reasons, the Court should grant the DNC leave to participate as an amicus curiae in support of Defendants-Appellees and affirmance.

Dated: August 21, 2024

David W. Baria
COSMICH, SIMMONS &
 BROWN, PLLC
544 Main Street
Bay St. Louis, MS 39520
(228) 242-4987
david.baria@cs-law.com

Respectfully submitted,

*/s/ Donald B. Verrilli, Jr.*

Donald B. Verrilli, Jr.
Ginger D. Anders
J. Kain Day
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Ave., NW
 Suite 500E
Washington, DC 20001
(202) 220-1100
Donald.Verrilli@mto.com
Ginger.Anders@mto.com
Kain.Day@mto.com

# CERTIFICATE OF SERVICE

I certify that on August 21, 2024, this document was served on all parties or their counsel of record through the CM/ECF system.

Dated: August 21, 2024

/s/ *Donald B. Verrilli, Jr.*
Donald B. Verrilli, Jr.
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Ave., NW
 Suite 500E
Washington, DC 20001
(202) 220-1100
Donald.Verrilli@mto.com

# CERTIFICATE OF COMPLIANCE

1. This document complies with the word limit of Fed. R. App. P. 27(d)(2)(A) because this document contains 1,483 words.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point, Century Schoolbook.

3. Per this Court's rules, (a) the required privacy redactions have been made to this motion, 5th Cir. R. 25.2.13; (b) the electronic submission is an exact copy of any paper document to be filed at a future date, *see* 5th Cir. R. 25.2.1; and (c) the document has been scanned for viruses with the most recent version of a commercial virus scanning program and is free of viruses.

Dated: August 21, 2024

/s/ Donald B. Verrilli, Jr.
Donald B. Verrilli, Jr.
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Ave., NW
 Suite 500E
Washington, DC 20001
(202) 220-1100
Donald.Verrilli@mto.com