No. 24-60395

# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

Republican National Committee; Mississippi Republican Party; James Perry; Matthew Lamb,

*Plaintiffs - Appellants,*

v.

Justin Wetzel, in his official capacity as the clerk and registrar of the Circuit Court of Harrison County; Toni Jo Diaz, in their official capacities as members of the Harrison County Election Commission; Becky Payne, in their official capacities as members of the Harrison County Election Commission; Barbara Kimball, in their official capacities as members of the Harrison County Election Commission; Christene Brice, in their official capacities as members of the Harrison County Election Commission; Carolyn Handler, in their official capacities as members of the Harrison County Election Commission; Michael Watson, in his official capacity as the Secretary of State of Mississippi,

*Defendants - Appellees*

Vet Voice Foundation; Mississippi Alliance for Retired Americans,

*Intervenor Defendants - Appellees*

Libertarian Party of Mississippi,

*Plaintiff - Appellant,*

v.

Justin Wetzel, in his official capacity as the clerk and registrar of the Circuit Court of Harrison County; Toni Jo Diaz in their official capacities as members of the Harrison County Election Commission; Becky Payne, in their official capacities as members of the Harrison County Election Commission; Barbara Kimball, in their official capacities as

members of the Harrison County Election Commission; Cristene Brice, in their official capacities as members of the Harrison County Election Commission; Carolyn Handler, in their official capacities as members of the Harrison County Election Commission; Michael Watson, in his official capacity as the Secretary of State of Mississippi,

*Defendants - Appellees*

On Appeal from the United States District Court for the Southern District of Mississippi, Nos. 1:24-CV-25 & 1:24-CV-37

**Democratic National Committee's Opposed Motion for Leave to Participate Oral Argument and to Enlarge the Time for Argument**

David W. Baria
COSMICH, SIMMONS &
 BROWN, PLLC
544 Main Street
Bay St. Louis, MS 39520
(228) 242-4987
david.baria@cs-law.com

Donald B. Verrilli, Jr.
Ginger D. Anders
J. Kain Day
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Ave., NW
 Suite 500E
Washington, DC 20001
(202) 220-1100
Donald.Verrilli@mto.com
Ginger.Anders@mto.com
Kain.Day@mto.com

*Counsel for Amicus Curiae*

# CERTIFICATE OF INTERESTED PERSONS

No. 24-60395

Republican National Committee; Mississippi Republican Party; James Perry; Matthew Lamb,

*Plaintiffs - Appellants,*

v.

Justin Wetzel, in his official capacity as the clerk and registrar of the Circuit Court of Harrison County; Toni Jo Diaz, in their official capacities as members of the Harrison County Election Commission; Becky Payne, in their official capacities as members of the Harrison County Election Commission; Barbara Kimball, in their official capacities as members of the Harrison County Election Commission; Christene Brice, in their official capacities as members of the Harrison County Election Commission; Carolyn Handler, in their official capacities as members of the Harrison County Election Commission; Michael Watson, in his official capacity as the Secretary of State of Mississippi,

*Defendants - Appellees*

Vet Voice Foundation; Mississippi Alliance for Retired Americans,

*Intervenor Defendants - Appellees*

---

Libertarian Party of Mississippi,

*Plaintiff - Appellant,*

v.

Justin Wetzel, in his official capacity as the clerk and registrar of the Circuit Court of Harrison County; Toni Jo Diaz in their official capacities as members of the Harrison County Election Commission; Becky Payne, in their official capacities as members of the Harrison County Election Commission; Barbara Kimball, in their official capacities as members of the Harrison County Election Commission; Cristene Brice, in their official capacities as members of the

Harrison County Election Commission; Carolyn Handler, in their official capacities as members of the Harrison County Election Commission; Michael Watson, in his official capacity as the Secretary of State of Mississippi,

*Defendants - Appellees*

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

***Plaintiffs - Appellants*:** Republican National Committee; Mississippi Republican Party; James Perry; Matthew Lamb; Libertarian Party of Mississippi.

***Counsel to Plaintiff – Appellant Libertarian Party of Mississippi*:** T. Russell Nobile and Eric W. Lee of Judicial Watch, Incorporated.

***Counsel to Plaintiffs – Appellants Republican National Committee; Mississippi Republican Party; James Perry; Matthew Lamb*:** Thomas McCarthy and Conor Woodfin of Consovoy McCarthy, P.L.L.C.; Spencer M. Ritchie of Forman Watkins & Krutz, L.L.P.

***Defendants - Appellees*:** Justin Wetzel, in his official capacity as the clerk and registrar of the Circuit Court of Harrison County; Toni Jo Diaz in their official capacities as members of the Harrison County Election Commission; Becky Payne, in their official capacities as members of the Harrison County Election Commission; Barbara Kimball, in their official capacities as members of the Harrison County Election Commission; Cristene Brice, in their official capacities as members of the Harrison County Election Commission; Carolyn Handler, in their official capacities as members of the Harrison County Election Commission; Michael Watson, in his official capacity as the Secretary of State of Mississippi.

***Counsel to Defendants – Appellees Justin Wetzel, in his official capacity as the clerk and registrar of the Circuit Court of Harrison County; Toni Jo Diaz in their official capacities as members of the Harrison County Election Commission; Becky Payne, in their official capacities as members of the Harrison County Election Commission; Barbara Kimball, in their official capacities as members of the Harrison County Election Commission; Cristene Brice, in their official capacities as***

*members of the Harrison County Election Commission; Carolyn Handler, in their official capacities as members of the Harrison County Election Commission*: Tim C. Holleman, Esq., of Boyce Holleman & Associates.

*Counsel to Defendant – Appellee Michael Watson, in his official capacity as the Secretary of State of Mississippi*: Scott G. Stewart, Justin Lee Matheny, Esq., Rex Morris Shannon, III, Esq., of the Mississippi Attorney General's Office.

*Intervenors Defendants-Appellees*: Vet Voice Foundation and Mississippi Alliance for Retired Americans.

*Counsel for Intervenors Defendants-Appellees Vet Voice Foundation and Mississippi Alliance for Retired Americans*: Elisabeth C. Frost, Christopher D. Dodge, and Richard Alexander Medina of Elias Law Group, L.L.P.

**Amicus Curiae:** Democratic National Committee.

*Counsel for* **Amicus Curiae:** Donald B. Verrilli, Jr., Ginger D. Anders, and J. Kain Day of Munger, Tolles & Olson LLP; David W. Baria of Cosmich, Simmons & Brown, PLLC.

Pursuant to Federal Rules of Appellate Procedure 26.1(a) and 29(a)(4)(A), undersigned counsel certifies that amicus curiae is not a publicly-held corporation, does not issue stock, and does not have a parent corporation; consequently, no publicly-held corporation owns ten percent or more of the stock of amicus.

Dated: August 21, 2024

*/s/ Donald B. Verrilli, Jr.*
Donald B. Verrilli, Jr.

# MOTION FOR LEAVE TO PARTICIPATE IN ORAL ARGUMENT

Pursuant to Federal Rule of Appellate Procedure 29(a)(8), the Democratic National Committee (DNC) respectfully moves for leave to participate in oral argument and to enlarge the time for argument. This Court has allocated 20 minutes per side. Given the issues in this appeal, and the DNC's unique perspective on those issues, the DNC respectfully submits that the Court would benefit from an additional 10 minutes of argument for each side: 30 minutes allocated to Plaintiffs-Appellants, 20 minutes allocated to Defendants-Appellees and Intervenor Defendants-Appellees, and 10 minutes allocated to the DNC.

Counsel for the DNC conferred with party counsel, seeking consent to participate in oral argument. Plaintiffs-Appellants and Defendants-Appellees oppose this motion, and Intervenor Defendants-Appellees consent to this motion.

# ARGUMENT

The DNC should be permitted to participate in oral argument. The Republican National Committee (RNC) brought this suit challenging a state election statute, Mississippi's ballot-receipt deadline. The DNC has a strong and unique interest in defending that statute, arising from its

1

interest in safeguarding voting rights, electing Democratic candidates, and organizing its efforts to get out the Democratic vote. And given the nationwide prevalence of similar ballot-receipt deadlines, the DNC has a broader interest in obtaining circuit-court precedent upholding such deadlines. Indeed, the RNC brought this suit to further its own corresponding, opposing interests—to invalidate a ballot rule that it sees as unfavorable to Republican candidates and to establish precedent casting doubt on similar state statutes. The RNC will be heard at argument as a plaintiff-appellant. It would therefore be appropriate, and aid the Court in resolving this case, to permit the DNC to participate as well. No other party or intervenor shares the DNC's programmatic, nationwide interest in defending Mississippi's statute. In fact, the Libertarian Party has already recognized that the DNC's perspective will be important in resolving this case, spending significant time discussing the DNC's arguments in district court. *See* Libertarian Party Opening Br. 10, 20-21, 43-44.

Yet Plaintiffs-Appellants and Defendants-Appellee seek to bar the DNC from participating at argument. Argument will be especially

important in this case, which will be decided on the eve of the election, and the DNC should be allowed to participate.

### A. The DNC Is Uniquely Qualified To Answer the RNC's Attack on Voters' Rights

The RNC has argued that it brought this lawsuit, and that it has a particularized interest sufficient for standing, because, as the Republican party's national committee, it has a strong interest in Republican candidates' "electoral prospects" and in the way that state election rules govern their campaigns. *RNC v. Wetzel,* No. 1:24-cv-25 (D. Miss. Apr. 9, 2024), ECF 75 at 12. Indeed, the RNC expressly equated its interest in challenging Mississippi's mail-in ballot rules with the DNC's opposing interest in defending those rules. *Id*. Further, the RNC explained, it challenges Mississippi's ballot-receipt deadline because it believes that rule favors Democratic candidates—candidates whose success is the DNC's overarching mission. And the RNC stated that "Democratic get-out-the-vote drives"—i.e., efforts that include those spearheaded and funded by the DNC—"habitually occur shortly before election day," and therefore may "produce a 'blue shift' in late mail ballots." *Id*. at 12-13. In sum, the Republican Party's national committee brought this suit in furtherance of its national mission—that is, to advantage Republican

3

candidates and disadvantage Democratic candidates. *Cf. Vote Choice, Inc. v. DiStefano*, 4 F.3d 26, 38 (1st Cir. 1993) ("Because a head-to-head election has a single victor, any benefit conferred on one candidate is the effective equivalent of a penalty imposed on all other aspirants for the same office.").

It follows that the DNC has an equally strong interest in opposing the RNC's efforts in this case by defending Mississippi's entirely lawful mail-in ballot rules. And because the RNC will participate in oral argument, the DNC should be allowed to participate as well. As many courts have recognized, the DNC is "uniquely qualified" to defend against attacks on election statutes launched by its counterpart Committee. *E.g., Democratic Nat'l Comm. v. Bostelmann*, No. 20-cv-249, 2020 WL 1505640, at *5 (W.D. Wis. Mar. 28, 2020) (explaining the DNC is uniquely qualified to oppose the RNC); *see also Builders Ass'n of Greater Chicago v. Chicago*, 170 F.R.D. 435, 441 (N.D. Ill. 1996) (similar).

"When it comes to the rules governing elections," the DNC has "much at stake"—just like the RNC. RNC Opening Br. 8. The DNC "work[s] to elect [Democrats] to federal and state office and to turn out [Democrats] to vote in federal and state elections," and it does so through

"a variety of on-the-ground election activities." *Id.* Striking down Mississippi's ballot-receipt deadline would make "those efforts" "less effective and more expensive."[1] *Id.* In short, the DNC is the mirror image of the RNC, and it stands to reason that hearing argument from the DNC would benefit the Court in understanding (and rejecting) the RNC's arguments.

### B. The DNC Will Present A Unique Perspective That Is Relevant To The Disposition Of The Case

The DNC has unique interests and will present a unique perspective that would aid the Court during argument. The Defendants-Appellees, state officials charged with oversight of Mississippi elections, do not share the DNC's particular interest in the ability of Democratic Party members to vote consistent with Mississippi's longstanding mail-in ballot rules, and in the successful election of Democratic candidates. Their stake is defined by their statutory duties, requiring them to "represent the broad public interest," *Sierra Club v. Espy*, 18 F.3d 1202, 1208 (5th Cir. 1994), and serve a "broad public mission," *see Wal-Mart Stores, Inc. v. Texas Alcoholic Beverage Comm'n*, 834 F.3d 562, 569 (5th

---

[1] By contrast, upholding Mississippi's ballot receipt deadline would serve only to prevent disenfranchisement and make it easier to vote.

Cir. 2016). The Intervenor Defendants-Appellees also do not have any interest in the votes of *Democratic* Party members and the election of *Democratic* candidates. Instead, Intervenor Defendants-Appellees are organizations that represent the interests of *veterans* or *retired Americans*. Any overlap among those groups is merely incidental and would not, necessarily, result in overlapping positions in these appeals.

By contrast, the DNC's interests in the validity of the Mississippi statute are both more particular and more wide-ranging. The DNC's mission is to ensure that as many of its voters who have cast ballots have their votes counted and to have its candidates elected. *See Issa v. Newsom,* 2020 WL 3074351, at *3 (E.D. Cal. June 10, 2020) ("While Defendants' arguments turn on their inherent authority as state executives and their responsibility to properly administer election laws, the Proposed Intervenors are concerned with ensuring their party members and the voters they represent have the opportunity to vote in the upcoming federal election, advancing their overall electoral prospects, and allocating their limited resources to inform voters about the election procedures."); *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 899 (9th Cir. 2011) ("[T]he government's

representation of the public interest may not be 'identical to the individual parochial interest' of a particular group just because 'both entities occupy the same posture in the litigation.'" (citation omitted)); *Wal-Mart Stores*, 834 F.3d at 569; *Trbovich v. United Mine Workers of Am.,* 404 U.S. 528, 538-39 (1972). And the DNC's interests are at the core of these appeals. Plaintiffs-Appellants' threaten to disenfranchise Democratic voters by altering the ballot receipt deadline close to the election, which would harm Democratic candidates and significantly disrupt the DNC's get-out-the-vote efforts.

Moreover, unlike the Defendants-Appellees or Intervenor Defendants-Appellees, the DNC also has interests that extend beyond Mississippi's borders. The DNC is gearing up for national elections in every state. Today, at least 28 states and the District of Columbia permit mailed ballots to arrive after election day for at least some voters. Plaintiffs-Appellants' suit is clearly intended to establish precedent that calls into question the validity of all these statutes, not just the provision in the Mississippi code. In fact, the RNC has already sued in Nevada challenging a similar statute. *See Republican National Committee v.*

*Burgess*, No. 3:24-cv-198 (D. Nev.).[2]  The DNC has an interest in preserving the right to vote according to current state ballot-receipt deadlines in each of these states—including individual interests in allocating its resources, representative interests based on DNC voters, and an interest in seeing that DNC candidates are elected to office.

In fact, the DNC's specific interests are likely to result in the DNC presenting different arguments compared to those offered by the named Defendants-Appellees and Intervenor Defendants-Appellees. *See Paher v. Cegavske*, 2020 WL 2042365, at *3 (D. Nev. April 28, 2020) (granting intervention where litigants in state court action including voter engagement non-profit "may present arguments about the need to safeguard Nevadan's right to vote that are distinct from Defendants' arguments").  While the named Defendants are likely to defend Mississippi state law and their oversight of the election, they may not raise the merits arguments that will be raised in the DNC's amicus brief.

---

[2] In that suit, the court dismissed for lack of standing.  The RNC has noticed an appeal to the Ninth Circuit.

# CONCLUSION

For the foregoing reasons, the Court should extend the time for argument to 30 minutes per side, grant the DNC leave to participate in oral argument, and allocate the DNC 10 minutes of argument time.

Dated: August 21, 2024

David W. Baria
COSMICH, SIMMONS &
 BROWN, PLLC
544 Main Street
Bay St. Louis, MS 39520
(228) 242-4987
david.baria@cs-law.com

Respectfully submitted,

*/s/ Donald B. Verrilli, Jr.*
Donald B. Verrilli, Jr.
Ginger D. Anders
J. Kain Day
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Ave., NW
 Suite 500E
Washington, DC 20001
(202) 220-1100
Donald.Verrilli@mto.com
Ginger.Anders@mto.com
Kain.Day@mto.com

# CERTIFICATE OF SERVICE

I certify that on August 21, 2024, this document was served on all parties or their counsel of record through the CM/ECF system.

Dated: August 21, 2024

/s/ *Donald B. Verrilli, Jr.*
Donald B. Verrilli, Jr.
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Ave., NW
 Suite 500E
Washington, DC 20001
(202) 220-1100
Donald.Verrilli@mto.com

# CERTIFICATE OF COMPLIANCE

1. This document complies with the word limit of Fed. R. App. P. 27(d)(2)(A) because this document contains 1,544 words.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point, Century Schoolbook.

3. Per this Court's rules, (a) the required privacy redactions have been made to this motion, 5th Cir. R. 25.2.13; (b) the electronic submission is an exact copy of any paper document to be filed at a future date, *see* 5th Cir. R. 25.2.1; and (c) the document has been scanned for viruses with the most recent version of a commercial virus scanning program and is free of viruses.

| | |
|---|---|
| Dated: August 21, 2024 | /s/ Donald B. Verrilli, Jr.<br>Donald B. Verrilli, Jr.<br>MUNGER, TOLLES & OLSON LLP<br>601 Massachusetts Ave., NW<br> Suite 500E<br>Washington, DC 20001<br>(202) 220-1100<br>Donald.Verrilli@mto.com |