No. 24-60395

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

REPUBLICAN NATIONAL COMMITTEE; MISSISSIPPI REPUBLICAN PARTY; JAMES PERRY; MATTHEW LAMB,

*Plaintiffs – Appellants*

v.

JUSTIN WETZEL, in his official capacity as the clerk and registrar of the Circuit Court of Harrison County; TONI JO DIAZ, in their official capacities as members of the Harrison County Election Commission; BECKY PAYNE, in their official capacities as members of the Harrison County Election Commission; BARBARA KIMBALL, in their official capacities as members of the Harrison County Election Commission; CHRISTENE BRICE, in their official capacities as members of the Harrison County Election Commission; CAROLYN HANDLER, in their official capacities as members of the Harrison County Election Commission; MICHAEL WATSON, in his official capacity as the Secretary of State of Mississippi,

*Defendants – Appellees*

VET VOICE FOUNDATION; MISSISSIPPI ALLIANCE OF RETIRED AMERICANS,

*Intervenor Defendants – Appellees*

LIBERTARIAN PARTY OF MISSISSIPPI,

*Plaintiff – Appellant*

v.

JUSTIN WETZEL, in his official capacity as the clerk and registrar of the Circuit Court of Harrison County; TONI JO DIAZ, in their official capacities as members of the Harrison County Election Commission; BECKY PAYNE, in their official capacities as members of the Harrison County Election Commission; BARBARA KIMBALL, in their official capacities as members of the Harrison County Election Commission; CHRISTENE BRICE, in their official capacities as members of the Harrison County Election Commission; CAROLYN HANDLER, in their official capacities as members of the Harrison County Election Commission; MICHAEL WATSON, in his official capacity as the Secretary of State of Mississippi,

*Defendants – Appellees.*

On Appeal from the United States District Court for the Southern District of Mississippi, Nos. 1:24-cv-25 and 1:24-cv-37 (Guirola, J.)

---

**APPELLANT LIBERTARIAN PARTY OF MISSISSIPPI'S RESPONSE IN OP-
POSITION TO DEMOCRATIC NATIONAL COMMITTEE'S MOTION FOR
LEAVE TO PARTICIPATE IN ORAL ARGUMENT**

---

T. Russell Nobile
   *Counsel of Record*
**JUDICIAL WATCH, INC**
P.O. Box 6592
Gulfport, MS 39506
(202) 527-9866

August 26, 2024

Eric W. Lee
Robert D. Popper
**JUDICIAL WATCH, INC**
425 Third Street SW, Suite 800
Washington, D.C. 20024

*Counsel for Plaintiff-Appellant
Libertarian Party of Mississippi*

---

Plaintiff-Appellant Libertarian Party of Mississippi ("Plaintiff") submits this response in opposition to the Democratic National Committee's ("DNC") motion for leave to participate in oral argument as *amicus curiae*. Plaintiff opposes this motion for the simple reason that it is unhelpful and unnecessary in light of the existing parties currently defending the case. Accordingly, the motion for leave to participate in oral argument as *amicus curiae* should be denied.

An *amicus* may participate in oral argument only with the court's permission. Fed. R. App. P. 29(a)(8). "Courts enjoy broad discretion to grant or deny leave to amici under Rule 29." *Lefebure v. D'Aquilla*, 15 F.4th 670, 673 (5th Cir. 2021) (citing *In re Halo Wireless, Inc.*, 684 F.3d 581, 596 (5th Cir. 2012)). Factors relevant to the determination of whether *amicus* participation should be allowed include whether the proffered information is "timely and useful," relevant to the issues presented in the case, or otherwise necessary to the administration of justice. *United States ex rel. Gudur v. Deloitte Consulting LLP*, 512 F. Supp. 2d 920, 927 (S.D. Tex. 2007) (citation omitted), *aff'd*, 2008 U.S. App. LEXIS 17038 (5th Cir. Aug. 7, 2008).

Participation by *amicus* DNC in oral argument is not "necessary" or "useful" on appeal in this case. The DNC's argument as to why participation would be useful is the Democratic Party has interests that are more particular to their candidates and voters than existing parties and have a unique perspective in defending electoral laws and regulations. *See generally* Dkt 82 at 4-7. But the same could be said for any

national committee or Mississippi state political party and allowing the DNC to participate in argument opens up the door for all political and partisan organizations who may have an ideological interest in the case. *See Texas v. U.S.*, 805 F.3d 653, 657 (5th Cir. 2015) ("[A]n intervenor fails to show a sufficient interest when he seeks to intervene solely for ideological … reasons; that would-be intervenor merely prefers one outcome to the other." (citations omitted)). Moreover, the DNC's arguments were rejected by the district court as insufficient for intervention permissively or as of right under Rule 24, which was not appealed to this Court. ROA.388-98. This instant motion is none other than an attempt to participate in argument as an intervening party without going through the normal appeals process.

Finally, the DNC's argument that it should be allowed to participate because the Plaintiff's opening brief referenced some of its arguments before the district court is unavailing for several reasons. Dkt 82 at 9. First, having been granted the right to file an *amicus* brief in these proceedings, the DNC has already been afforded a chance to respond to Plaintiff's arguments. The DNC does not explain how it, as a non-party, should be afforded a chance to respond both in writing and at oral argument. Second, the fact that a party references an *amici*'s arguments before the trial court does not elevate *amici*'s status on appeal. The DNC misconstrues these references to mean the Plaintiff "recognized" that the DNC's "perspective [is] important in resolving this case." *Id.* That is incorrect.

## CONCLUSION

Accordingly, the DNC's motion for leave to participate in argument should be denied.

August 26, 2024

                                        *s/ Russ Nobile*
T. Russell Nobile (MS Bar 100682)
JUDICIAL WATCH, INC.
Post Office Box 6592
Gulfport, Mississippi 39506
Phone: (202) 527-9866
Rnobile@judicialwatch.org

# **CERTIFICATE OF SERVICE**

I, T. Russell Nobile, certify that I electronically filed this response in opposition with the Clerk of the Court, using the electronic filing system, which sent notification of such filing to all counsel of record.

August 26, 2024                     s/ Russ Nobile
                                                     T. Russell Nobile

# CERTIFICATE OF COMPLIANCE

This response in opposition complies with this Court's type-volume limitations because it contains 533 words and is 3 pages long using 14-point Times New Roman typeface.

August 26, 2024                   s/ Russ Nobile
                                                          T. Russell Nobile