No. 24-60395

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

REPUBLICAN NATIONAL COMMITTEE; MISSISSIPPI REPUBLICAN PARTY;
JAMES PERRY; MATTHEW LAMB,
*Plaintiffs-Appellants*,

*v.*

JUSTIN WETZEL, IN HIS OFFICIAL CAPACITY AS THE CLERK AND REGISTRAR OF THE CIRCUIT
COURT OF HARRISON COUNTY; TONI JO DIAZ, IN THEIR OFFICIAL CAPACITIES AS MEMBERS OF
THE HARRISON COUNTY ELECTION COMMISSION; BECKY PAYNE, IN THEIR OFFICIAL
CAPACITIES AS MEMBERS OF THE HARRISON COUNTY ELECTION COMMISSION; BARBARA
KIMBALL, IN THEIR OFFICIAL CAPACITIES AS MEMBERS OF THE HARRISON COUNTY ELECTION
COMMISSION; CHRISTENE BRICE, IN THEIR OFFICIAL CAPACITIES AS MEMBERS OF THE
HARRISON COUNTY ELECTION COMMISSION; CAROLYN HANDLER, IN THEIR OFFICIAL
CAPACITIES AS MEMBERS OF THE HARRISON COUNTY ELECTION COMMISSION; MICHAEL
WATSON, IN HIS OFFICIAL CAPACITY AS THE SECRETARY OF STATE OF MISSISSIPPI,
*Defendants-Appellees*

VET VOICE FOUNDATION; MISSISSIPPI ALLIANCE FOR RETIRED AMERICANS,
*Intervenor Defendants-Appellees*

_____

LIBERTARIAN PARTY OF MISSISSIPPI,
*Plaintiff-Appellant*,

*v.*

JUSTIN WETZEL, IN HIS OFFICIAL CAPACITY AS THE CLERK AND REGISTRAR OF THE CIRCUIT
COURT OF HARRISON COUNTY; TONI JO DIAZ IN THEIR OFFICIAL CAPACITIES AS MEMBERS OF
THE HARRISON COUNTY ELECTION COMMISSION; BECKY PAYNE, IN THEIR OFFICIAL
CAPACITIES AS MEMBERS OF THE HARRISON COUNTY ELECTION COMMISSION; BARBARA
KIMBALL, IN THEIR OFFICIAL CAPACITIES AS MEMBERS OF THE HARRISON COUNTY ELECTION
COMMISSION; CRISTENE BRICE, IN THEIR OFFICIAL CAPACITIES AS MEMBERS OF THE
HARRISON COUNTY ELECTION COMMISSION; CAROLYN HANDLER, IN THEIR OFFICIAL
CAPACITIES AS MEMBERS OF THE HARRISON COUNTY ELECTION COMMISSION; MICHAEL
WATSON, IN HIS OFFICIAL CAPACITY AS THE SECRETARY OF STATE OF MISSISSIPPI,
*Defendants-Appellees*

Appeal from the United States District Court
for the Southern District of Mississippi
Nos. 1:24-cv-25 and 1:24-cv-37

**DEFENDANT-APPELLEE MICHAEL WATSON'S RESPONSE IN OPPOSITION TO THE
DEMOCRATIC NATIONAL COMMITTEE'S OPPOSED MOTION FOR LEAVE TO PARTICIPATE
IN ORAL ARGUMENT AND TO ENLARGE THE TIME FOR ARGUMENT**

LYNN FITCH
  *Attorney General*
SCOTT G. STEWART
  *Solicitor General*
JUSTIN L. MATHENY
ANTHONY M. SHULTS
  *Deputy Solicitors General*
MISSISSIPPI ATTORNEY
  GENERAL'S OFFICE
P.O. Box 220
Jackson, MS 39205-0220
Telephone: (601) 359-3680
E-mail: scott.stewart@ago.ms.gov

*Counsel for Defendant-Appellee
  Michael Watson*

## CERTIFICATE OF INTERESTED PERSONS

Under this Court's Rule 28.2.1, governmental parties need not furnish a certificate of interested persons.

s/ Scott G. Stewart
Scott G. Stewart
*Counsel for Defendant-Appellee*
  *Michael Watson*

## RESPONSE TO MOTION FOR LEAVE TO PARTICIPATE IN ORAL ARGUMENT AND TO ENLARGE THE TIME FOR ARGUMENT

This Court should deny the Democratic National Committee's motion to participate in oral argument and to enlarge the argument time. Mot. (CA5 Dkt. 82). The DNC's participation at oral argument would not help this Court resolve the purely legal issues presented in this case and would add no value to the robust defense of Mississippi's challenged law that the parties will present. Anything the DNC might contribute to this appeal can be achieved through the amicus brief that this Court has allowed the DNC to file. CA5 Dkt. 96-2.

1. This appeal arises from two consolidated lawsuits challenging Miss. Code Ann. § 23-15-637(1)(a), a Mississippi statute that provides for the counting of mail-in absentee ballots that are postmarked on or before the day of an election and received within five business days of that day. Plaintiffs contend that the statute conflicts with federal laws that establish an election day for federal offices. The parties—which include two separately represented sets of plaintiffs, two separately represented sets of defendants (a state-official defendant and several county-official defendants), and a separately represented set of intervenor-defendants (voting groups)—filed competing summary-judgment motions. Several non-parties (including the DNC, after it was denied intervention) filed amicus briefs. In July 2024, the district court held a hearing that

included oral argument from four attorneys—two on each side of the consolidated cases. On July 28, the district court granted summary judgment to the defendants, rejecting plaintiffs' claim on the merits. ROA.1160-1183. The court ruled that "Mississippi's statutory procedure for counting lawfully cast absentee ballots" comports with "federal law and does not conflict with the Elections Clause, the Electors' Clause, or the election day statutes." ROA.1182-1183. Plaintiffs timely appealed a few days later.

This Court expedited the appeal. CA5 Dkt. 49-2. Oral argument is set for September 24 with twenty minutes allotted for each side. CA5 Dkt. 68-1. At least four counsel are expected to present oral argument: one for one set of plaintiffs-appellants, one for the other plaintiff-appellant, one for the state-official defendant-appellee, and one for the intervenor-defendants. The DNC plans to file an amicus brief, CA5 Dkt. 79, and this Court has granted it leave to do so, CA5 Dkt. 96-2. The DNC also seeks to participate in oral argument and to expand the argument time from 20 to 30 minutes and give the DNC 10 minutes of time. Mot. 1.

2. This Court should deny the DNC's motion to participate in oral argument.

The DNC's participation in oral argument would not help this Court decide this appeal. The issues on appeal are questions of law. The lead issue—as the district court recognized and as no party disputes—is the

"pure question of law" whether Mississippi law conflicts with or violates federal law. ROA.1171. The defendants-appellees successfully defended the challenged state law in the district court. They filed many briefs and argued their merits defenses at a summary-judgment hearing. *See*, *e.g.*, ROA.442-475, 497-526, 657-687, 723-758, 759-792, 840-860, 1196-1276. The district court credited those arguments and rejected the plaintiffs-appellants' challenge. ROA.1160-1183. The defendants-appellees will fully present those arguments in their briefing and at argument here. The parties thus represent all relevant, legitimate interests that the DNC could claim to represent at oral argument.

The DNC nowhere explains how its participation in oral argument could help this Court resolve the issues on appeal. *See* Mot. 1-9. The DNC offers no special expertise or exceptional perspective on any legal issue before this Court. The DNC says that it is "uniquely qualified" to defend Mississippi's statute and that the parties do not have its "particular interest in the ability of Democratic Party members to vote" under that statute "and in the successful election of Democratic candidates." Mot. 4, 5. But that "interest" in voting and elections under current law is irrelevant to the preemption issue on appeal and no reason that the DNC needs argument time to express its views on that legal issue here.

Indeed, the district court rejected the DNC's interest-based arguments in denying its bid to participate in this case as a party.

ROA.388-398; *see* ROA.370-387. The court reasoned that the DNC and the defendants "have the same ultimate objective of upholding" Mississippi's challenged absentee-ballot law. ROA.394. Thus, to intervene as a party, the DNC had to prove an "'adversity of interest, collusion, or nonfeasance'" by the existing parties. ROA.394 (quoting *Edwards v. City of Houston*, 78 F.3d 983, 1005 (5th Cir. 1996) (en banc)). As it now does in this Court, the DNC emphasized in the district court that it is "uniquely qualified to defend against these suits" (ROA.382 (internal quotation marks omitted)) and claimed that the defendants do not share its "particular interest in the votes of Democratic Party members and the election of Democratic candidates" (ROA.384). The district court ruled that all this failed to "prove[ ]" that the "defendants and intervenor-defendants" might "inadequately represent" the DNC's claimed "interests." ROA.396. The DNC elected not to appeal from that ruling. The DNC's repackaged bid for party status fails to show that it needs argument time to protect its interests on appeal—interests that it will be able to advance in an amicus brief.

The DNC speculates that it "likely" will make "different arguments" than the parties and that the parties "may not raise the merits arguments that will be raised in the DNC's amicus brief." Mot. 8. It said the same thing in its failed intervention bid in the district court. ROA.385 (arguing that the DNC's "specific interests" would "likely ... result in" it

"presenting different, even inconsistent, arguments compared to those offered" by the existing parties). But the DNC has not identified any such "different arguments" that it raised below, that the existing parties are unlikely to assert on appeal, or that only the DNC can offer to help this Court resolve the pure legal questions at issue on appeal. The DNC's failure to identify any such argument underscores that this Court should not take the unusual step of giving the DNC argument time.

Whatever perspective the DNC may offer on the legal issues here can be fully advanced in the amicus brief that this Court has already authorized the DNC to file. CA5 Dkt. 96-2. The DNC filed such a brief in the district court. ROA.582-610. That court reached the result that the DNC wanted without hearing from it at oral argument. ROA.1171-1183. There is no reason to think that the DNC needs such an opportunity here.

## CONCLUSION

This Court should deny the DNC's motion for leave to participate in oral argument and to enlarge the time for argument.

Respectfully submitted,

LYNN FITCH
  Attorney General

*s/ Scott G. Stewart*

SCOTT G. STEWART
  *Solicitor General*
JUSTIN L. MATHENY
ANTHONY M. SHULTS
  *Deputy Solicitors General*
MISSISSIPPI ATTORNEY
  GENERAL'S OFFICE
P.O. Box 220
Jackson, MS 39205-0220
Telephone: (601) 359-3680
E-mail: scott.stewart@ago.ms.gov

*Counsel for Defendant-Appellee*
  *Michael Watson*

August 30, 2024

**CERTIFICATE OF SERVICE**

I, Scott G. Stewart, hereby certify that the foregoing response has been filed with the Clerk of Court using the Court's electronic filing system, which sent notification of such filing to all counsel of record.

Dated: August 30, 2024

> *s/ Scott G. Stewart*
> Scott G. Stewart
> *Counsel for Defendant-Appellee*
>   *Michael Watson*

**CERTIFICATE OF COMPLIANCE**

This response complies with the word limitations of Fed. R. App. P. 27(d)(2)(A) because, excluding the exempted parts of the document, it contains 1,116 words. This response complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in proportionally spaced typeface, including serifs, using Microsoft Word 2016, in Century Schoolbook 14-point font.

Dated: August 30, 2024

> *s/ Scott G. Stewart*
> Scott G. Stewart
> *Counsel for Defendant-Appellee*
>   *Michael Watson*