Case. No. 24-60395

REPUBLICAN NATIONAL COMMITTEE; MISSISSIPPI REPUBLICAN PARTY; JAMES PERRY; MATTHEW LAMB,

*Plaintiffs-Appellants*,

v.

JUSTIN WETZEL, in his official capacity as the clerk and registrar of the Circuit Court of Harrison County; TONI JO DIAZ, in their official capacities as members of the Harrison County Election Commission; BECKY PAYNE, in their official capacities as members of the Harrison County Election Commission; BARBARA KIMBALL, in their official capacities as members of the Harrison County Election Commission; CHRISTENE BRICE, in their official capacities as members of the Harrison County Election Commission; CAROLYN HANDLER, in their official capacities as members of the Harrison County Election Commission; MICHAEL WATSON, in his official capacity as the Secretary of State of Mississippi,

*Defendants-Appellees*,

VET VOICE FOUNDATION; MISSISSIPPI ALLIANCE OF RETIRED AMERICANS,

*Intervenor Defendants-Appellees*,

---

LIBERTARIAN PARTY OF MISSISSIPPI,

*Plaintiff-Appellant*,

v.

JUSTIN WETZEL, in his official capacity as the clerk and registrar of the Circuit Court of Harrison County; TONI JO DIAZ, in their official capacities as members of the Harrison County Election Commission; BECKY PAYNE, in their official capacities as members of the Harrison County Election Commission; BARBARA KIMBALL, in their official capacities as members of the Harrison County Election Commission; CHRISTENE BRICE, in their official capacities as members of the Harrison County Election Commission; CAROLYN HANDLER, in their official capacities as members of the Harrison County Election Commission; MICHAEL WATSON, in his official capacity as the Secretary of State of Mississippi,

*Defendants-Appellees*.

On Appeal from the United States District Court for the Southern
District of Mississippi, Nos. 1:24-cv-25 and 1:24-cv-37 (Guirola, J.)

**UNOPPOSED MOTION OF DISABILITY RIGHTS MISSISSIPPI AND LEAGUE OF WOMEN VOTERS OF MISSISSIPPI TO FILE AMICUS BRIEF IN SUPPORT OF DEFENDANTS-APPELLEES**

Jacob van Leer
AMERICAN CIVIL LIBERTIES UNION
 FOUNDATION
915 15th Street NW
Washington, DC 20005
(202) 715-0815

Davin Rosborough
Sophia Lin Lakin
AMERICAN CIVIL LIBERTIES UNION
 FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2500

Joshua Tom
AMERICAN CIVIL LIBERTIES UNION
 FOUNDATION OF MISSISSIPPI
101 South Congress Street
Jackson, MS 39201
(601) 354-3408

Neil Steiner
DECHERT LLP
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036
(212) 698-3822

Christopher J. Merken
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104-2808
(215) 994-2380

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................ ii
CERTIFICATE OF INTERESTED ................................................................... iii
MOTION FOR LEAVE TO FILE AMICUS BRIEF ........................................ 1
STATEMENT OF INTEREST OF *AMICUS CURIAE* ................................... 2
POINTS AND AUTHORITIES IN SUPPORT OF MOTION ........................ 4
CERTIFICATE OF COMPLIANCE WITH RULE 32(a) ............................... 8
CERTIFICATE OF SERVICE ........................................................................... 9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Lefebure v. D'Aquilla*,
 15 F.4th 670 (5th Cir. 2021) ...................................................................................4

**Statutes**

42 U.S.C. § 15043 ......................................................................................................2

Miss. Code Ann. § 23-15-629 ....................................................................................2

**Other Authorities**

Fed. R. App. P. 29 ..............................................................................................1, 3, 4

# CERTIFICATE OF INTERESTED

Pursuant to Fifth Circuit Rule 29.2, the undersigned counsel of record certifies that—in addition to the persons and entities identified in the party briefs in this case—the following listed persons have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

1. American Civil Liberties Union Foundation, counsel for *amicus curiae*

2. American Civil Liberties Union Foundation of Mississippi, counsel for *amicus curiae*

3. Angela Liu, counsel for *amicus curiae*

4. Christopher J. Merken, counsel for *amicus curiae*

5. Davin Rosborough, counsel for *amicus curiae*

6. Dechert LLP, counsel for *amicus curiae*

7. Disability Rights Mississippi, *amicus curiae*

8. Greta Kemp Martin, counsel for *amicus curiae*

9. Jacob van Leer, counsel for *amicus curiae*

10. Joshua Tom, counsel for *amicus curiae*

11. Julia Markham-Cameron, counsel for *amicus curiae*

12. League of Women Voters of Mississippi, *amicus curiae*

13. Neil Steiner, counsel for *amicus curiae*

14. Sophia Lin Lakin, counsel for *amicus curiae*

I hereby certify that I am aware of no persons or entities with any interest in the outcome of this litigation other than the signatories to this brief and their counsel, and those identified in the party and amicus briefs filed in this case.

Dated: Sept. 9, 2024

/s/ *Joshua Tom*
Joshua Tom
*Counsel of Record for Amici Curiae*

# MOTION FOR LEAVE TO FILE AMICUS BRIEF

Pursuant to Federal Rule of Appellate Procedure 29, Disability Rights Mississippi ("DRMS") and the League of Women Voters of Mississippi (the "League") respectfully move for leave to file a brief as *amicus curiae* in this appeal in support of Defendants-Appellees and affirmation of the order below. The proposed brief of DRMS and the League is filed as an exhibit to this Motion.

Counsel for DRMS and the League conferred with party counsel seeking consent to file an amicus brief, and counsel for all parties confirmed that they consent or otherwise do not object to the filing. Accordingly, Federal Rules of Appellate Procedure permit the filing of this brief. Fed. R. App. P. 29(a)(2). For the reasons set forth below and consistent with the Court's general practice of liberally granting motions to file *amicus* briefs, DRMS and the League respectfully request that the Court grant this motion.

# STATEMENT OF INTEREST OF *AMICUS CURIAE*

Disability Rights Mississippi ("DRMS") and the League of Women Voters of Mississippi (the "League") are Mississippi-based organizations who served as *amici curiae* to the district court.

DRMS is Mississippi's Protection and Advocacy agency ("P&A") and is authorized to pursue legal action on behalf individuals with disabilities in the State to protect their rights. 42 U.S.C. § 15043(a)(2)(A)(i). The scope of this authorization includes all Mississippians with disabilities who rely on absentee voting to exercise their right to vote. Mississippi law specifically recognizes that many of these individuals face severe hardships that make it difficult for them to vote in person. *See* Miss. Code Ann. § 23-15-629(1). Many voters with disabilities not only depend on absentee voting, but also on the current ballot receipt deadline. DRMS has a critical interest in ensuring that Mississippi's absentee ballot receipt deadline is not enjoined, as it would substantially increase the risk that Mississippians with disabilities will be disenfranchised at disproportionate levels.

The League is a grassroots membership organization that seeks to involve citizens in the civic process, including by helping Mississippi voters navigate the absentee voting process. The League has almost two hundred members in the state, a significant number of whom are eligible to vote by absentee ballot and many of whom do so. The League dedicates significant resources to voter service projects, voter registration, get out the vote efforts, and public education about elections. In Mississippi, this includes providing digital resources on the absentee voting process. It distributes information flyers, posts on its website and social media accounts, and speaks to voters about the timeline for absentee voting, including Mississippi's post-Election-Day receipt deadline for absentee ballots. If the decision below is not affirmed, it would substantially increase the risk that League members will be disenfranchised if they mail their absentee ballots close to Election Day, and the League would need to expend significant additional resources to update its materials and trainings, and to warn members about heightened disenfranchisement risks of returning absentee ballots.

## POINTS AND AUTHORITIES IN SUPPORT OF MOTION

The Federal Rules of Appellate Procedure permit the filing of this amicus brief by consent of the parties. Fed. R. App. P. 29(a)(2) ("[A]micus curiae may file a brief . . . if the brief states that all parties have consented to its filing[.]"). Amici also submit this motion, which may be additionally required under Fifth Circuit Rule 29.1.

Under Federal Rule of Appellate Procedure 29, a motion for leave to file an amicus brief must be accompanied by the proposed brief and state the movant's interest and the reason why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case. Fed. R. App. P. 29(a)(3). Fifth Circuit precedent makes clear that courts are "'well advised to grant motions for leave to file amicus briefs unless it is obvious that the proposed briefs do not meet Rule 29's criteria as broadly interpreted.'" *Lefebure v. D'Aquilla*, 15 F.4th 670, 676 (5th Cir. 2021) (quoting *Neonatology Assocs., P.A. v. Comm'r*, 293 F.3d 128, 133 (3d Cir. 2002)).

Here, the DRMS and League clearly meet the requisite standard. As detailed above, as organizations that represent Mississippi voters and

that would have to expend significant resources if the decision below were overturned, both have a clear interest in this litigation. *See RNC v. Wetzel*, No. 1:24-cv-25-LG-RPM, Order at 6 (S.D. Miss. Mar 7, 2024), ECF No. 47 (concluding that both organizations had "demonstrated an interest in this litigation sufficient to justify intervention" and "shown that their ability to protect their interests may be impaired by this lawsuit"). Further, their amicus brief provides the Court with helpful data regarding the difficulties faced by voters with disabilities when voting in person and explains how those difficulties are alleviated by the state's current mail-in ballot policy. The amicus brief accordingly provides the Court with valuable context on the concrete impact on Mississippi voters that would follow from overturning the lower court's judgment. In addition, the amicus brief supports the district court's conclusion that Plaintiffs-Appellants' construction of federal statutes flouts basic legal principles of statutory interpretation. Amici further explain that accepting Plaintiffs-Appellants' reasoning results in absurdities and would necessarily upend routine election administration

in Mississippi and nationwide in a manner wholly unintended by Congress.

Accordingly, DRMS and the League respectfully request that the Court grant leave for them to file their amicus brief.

Respectfully submitted,

By: /s/ *Joshua Tom*
Joshua Tom
AMERICAN CIVIL LIBERTIES UNION OF MISSISSIPPI FOUNDATION
101 South Congress Street
Jackson, MS 39201
(601) 354-3408
JTom@aclu-ms.org

Jacob van Leer
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
915 15th Street NW
Washington, D.C. 20005
(202) 715-0815
jvanleer@aclu.org

Davin M. Rosborough
Sophia Lin Lakin
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad Street
New York, NY 10004
(212) 549-2500

drosborough@aclu.org
slakin@aclu.org

DECHERT LLP
Neil Steiner
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036
(212) 698-3822
neil.steiner@dechert.com

DECHERT LLP
Christopher J. Merken
Cira Centre
2929 Arch Street
Philadelphia, PA 19104-2808
(215) 994-2380
christopher.merken@dechert.com

*Attorneys for Amici Curiae Disability Rights Mississippi and League of Women Voters of Mississippi*

# CERTIFICATE OF COMPLIANCE WITH RULE 32(a)

1. This motion complies with the type-volume limitation of Fed. R. App. 32(a)(7)(B) because this motion contains 890 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

2. This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this motion has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point characters with Century Schoolbook font.

Dated: September 9, 2024 /s/ *Joshua Tom*
Attorney for *Amici Curiae*

# CERTIFICATE OF SERVICE

I certify that on September 9, 2024, the foregoing document was served on all parties or their counsel of record through the CM/ECF system.

Dated: September 9, 2024      <u>/s/ *Joshua Tom*</u>
                                              Attorney for *Amici Curiae*