**No. 24-60395**

***In the***

# United States Court of Appeals

***for the***

# Fifth Circuit

REPUBLICAN NATIONAL COMMITTEE, ET AL.,
*Plaintiffs-Appellants*,

– v. –

JUSTIN WETZEL ET AL.,
*Defendants-Appellees,*

VET VOICE FOUNDATION, MISSISSIPPI ALLIANCE FOR RETIRED AMERICANS,
*Intervenor Defendants-Appellants*

LIBERTARIAN PARTY OF MISSISSIPPI,
*Plaintiff-Appellant*

– v. –

JUSTIN WETZEL, ET AL.,
*Defendants-Appellees*

On Appeal from the United States District Court
for the Southern District of Mississippi
Case Nos. 1:24-cv-25 and 1:24-cv-37 (Guirola, J.)

## OPPOSED MOTION FOR LEAVE TO FILE BRIEF OF *AMICUS CURIAE* PUBLIC RIGHTS PROJECT IN SUPPORT OF DEFENDANTS-APPELLEES AND REHEARING EN BANC

JONATHAN B. MILLER
*Public Rights Project*
*490 43rd Street*
*Unit #115*
*Oakland, CA 94609*
*(510) 738-6788*

PAUL W. HUGHES
ANDREW A. LYONS-BERG
GRACE WALLACK
*McDermott Will & Emery LLP*
*500 North Capitol Street NW*
*Washington, DC 20001*
*(202) 756-8000*
*phughes@mwe.com*

*Counsel for Public Rights Project as Amicus Curiae*

Public Rights Project (PRP) respectfully requests leave to file the attached brief *amicus curiae* in support of Defendants-Appellees' petition for rehearing en banc. *See* Fed. R. App. P. 29(b); 5th Cir. R. 29. Having conferred with counsel for the parties, proposed *amicus* certifies that Defendant the State of Mississippi, Intervenor-Appellees Vet Voice Foundation and the Mississippi Alliance for Retired Americans, Plaintiffs-Appellants the Republican National Committee, Mississippi Republican Party, James Perry, and Matthew Lamb, do not oppose the filing of the proposed amicus brief. Remaining Defendants-Appellees are opposed. Plaintiff-Appellant Libertarian Party of Mississippi did not provide a response to counsel for proposed *amicus curiae*.

**INTERESTS OF AMICUS CURIAE**

PRP is a 501(c)(3) non-profit organization that works closely with local election officials across the country to support the administration of free and fair elections. PRP has partnered with and represented over 200 election officials in over 20 states. To that end, PRP submits this brief to highlight the importance of ballot-receipt rules for voters and election administrators alike, explain how the panel's reasoning interferes with longstanding state practices necessary for conducting orderly elections, and urge the Court to grant a rehearing en banc.

## ARGUMENT

Courts of appeal "enjoy broad discretion to grant or deny leave to amici under Rule 29." *Lefebure v. D'Aquilla*, 15 F.4th 670, 673 (5th Cir. 2021). "An amicus brief should normally be allowed when … the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *In re Halo Wireless, Inc.*, 684 F.3d 581, 596 (5th Cir. 2012) (quoting *Ryan v. CFTC*, 125 F.3d 1062, 1063 (7th Cir. 1997)). The proposed amicus brief is desirable in this case because it will provide the Court with the unique perspective from local elections officials on the impact that the panel's decision will have on the routine administration of elections, a perspective certainly "relevant to the disposition of the case." Fed. R. App. P. 29(b)(3).

Mississippi, like seventeen other states and the District of Columbia, allows absentee ballots that are postmarked on or before Election Day to be counted if they are received within a specified time period after the election. Ballot-receipt deadlines like Mississippi's have enormous practical benefits for local election administrators, state officials, and voters. These rules promote orderly and efficient elections, especially in states that have a high percentage of absentee voters.

The panel's decision invalidates these rules, to the detriment of Mississippi voters and election officials, and risks undermining similar rules in

other states within this Circuit and across the country. As *amicus* explains in the proposed brief, through its work partnering with local election officials throughout the country, amicus understands thoroughly the work that goes into to the fair, efficient, and orderly administration of elections. Local officials play a crucial role in conducting elections, including preparing and sorting different types of ballots, counting ballots, and resolving ballot discrepancies. These processes take time and care. Proposed *amicus*'s familiarity with these processes will aid the Court's consideration of this matter, as shortening the timeline in which election officials must perform these tasks would prove harmful to their work.

Moreover, the panel's decision casts doubt on a host of election processing rules and practices that are traditionally within states' control—not only mail-in absentee ballots, but provisional ballots and challenge ballots as well. Proposed *amicus* is familiar with these rules and practices though its work with local election administrators and state officials and is able to provide its unique perspective on the operation of these processes to the Court. Because of its potential to disrupt routine election administration and undermine Mississippi's "significant interest in ensuring the proper and consistent running of its election machinery" (*Texas All. for Retired Americans v. Hughs*, 976 F.3d 564, 569 (5th Cir. 2020)), the panel's decision should be carefully considered by the full en banc Court.

This Circuit has indicated that "unless it is obvious that the proposed briefs do not meet Rule 29's criteria as broadly interpreted," courts are "well advised to grant motions for leave to file *amicus* briefs." *Lefebure*, 15 F.4th at 676; *accord Neonatology Assocs., P.A. v. Comm'r of Internal Revenue*, 293 F.3d 128, 131 (3d Cir. 2002) (Alito, J.) (a "broad reading" of Rule 29 "is prudent," even over the objection of a party, because "if a good brief is rejected, the merits panel will be deprived of a resource that might have been of assistance."). Proposed *amicus* will provide the Court with a helpful and unique perspective on the practical effects of the panel's decision on local election administrators, and for that reason, leave to file should be granted.

## CONCLUSION

For the foregoing reasons, the Court should grant proposed *amicus*'s request for leave to file the attached brief *amicus curiae*.

Dated: November 15, 2024

Respectfully submitted,

/s/ *Paul W. Hughes*
PAUL W. HUGHES
ANDREW A. LYONS-BERG
GRACE WALLACK
*McDermott Will & Emery LLP*
*500 North Capitol Street NW*
*Washington, DC 20001*
*(202) 756-8000*
*phughes@mwe.com*

JONATHAN B. MILLER
*Public Rights Project*
*490 43rd Street*
*Unit #115*
*Oakland, CA 94609*
*(510) 738-6788*

*Counsel for Amicus Curiae Public Rights Project*

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 27(d) and 32(c), (g), I hereby certify that this brief:

(i) complies with the type-volume limitation of Rule 32(a)(7)(B) because it contains 796 words, excluding the parts exempted by Rule 32(f); and

(ii) complies with the typeface requirements of Rule 32(a)(5) and the type style requirements of Rule 32(a)(6) because it has been prepared using Microsoft Office Word 356 and is set in New Century Schoolbook LT Std font in a size equivalent to 14 points or larger.

Dated: November 15, 2024 /s/ *Paul W. Hughes*

## CERTIFICATE OF SERVICE

I hereby certify that on November 15, 2024, I electronically filed the foregoing motion with the Clerk of this Court using the CM/ECF system, and counsel for all parties will be served by the CM/ECF system.

Dated: November 15, 2024 /s/ *Paul W. Hughes*